STUART et al. v. TEAGARDEN et al.
(No. 7671.)

(Court of Civil Appeals of Texas. Dallas. Jan. 20, 1917. Rehearing Denied March 10, 1917.)

1. PARTITION ⬤⟿55(1)—PLEADING.

The petition, in suit for partition and accounting, and for the cancellation of vendor's lien notes, alleging that plaintiffs and defendants were the joint owners of the land, and also alleging that defendants had wrongfully cut and destroyed a quantity of valuable timber, was not subject to general demurrer because not stating the estimated value of the land, and not alleging that defendants cut timber on all the land, and left insufficient for plaintiffs to procure their pro rata share, but stated a cause of action sufficient to support verdict; the defects alleged being only subject to special exceptions, if at all.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 148, 149, 151, 182.]

2. PARTITION ⬤⟿89 — JUDGMENT — POWER OF COURT.

In a suit in equity for partition and accounting and for the cancellation of vendor's lien notes, plaintiffs alleging that they and defendants were joint owners, and that defendants had wrongfully cut and destroyed a quantity of valuable timber on the land, the court, though title to defendants' one-fourth of the land was not put in issue by the pleadings, had power to render judgment assessing the injury to the land and decreeing all the land to plaintiffs; defendants' part being of less value than the damages assessed against them.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 246, 251.]

3. APPEAL AND ERROR ⬤⟿877(6) — PARTIES ENTITLED TO ALLEGE ERROR—PARTITION— FAILURE TO APPOINT COMMISSIONERS.

In suit for partition and accounting, where the court decreed all the land to plaintiffs to satisfy in part the damage done them by defendants' wrongful acts in cutting timber, the action of the court in not appointing commissioners to partition the land, and allowing plaintiffs to make a division among themselves, was proper, and defendants could not complain.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3570, 3572.]

Error from District Court, Wood County; Barney Briggs, Judge.

Suit by W. B. Teagarden and others against Buck Stuart and others. To review a judgment for plaintiffs, defendants bring error. Judgment affirmed.

H. A. Turner, of Ft. Worth, for plaintiffs in error. Jones & Jones, of Mineola, and Teagarden & Teagarden, all of San Antonio, for defendants in error.

RAINEY, C. J. This is a suit for partition and accounting and for the cancellation of certain vendor's lien notes brought by defendants in error against plaintiffs in error. The petition alleged, in effect, that the land was jointly owned by plaintiffs and defendants; that Buck, Guy, and Champ Stuart, by the authority of the other defendants, had entered upon and cut down and destroyed great quantities of timber without the consent of plaintiffs, thereby damaging the land in the sum of $2,500; that said land was chiefly valuable for its hard wood and saw timber, which was cut and destroyed by the Stuarts and appropriated to their own use; that the Stuarts are insolvent and wholly irresponsible financially, etc.

W. H. Jack and R. A. Thompson disclaimed any interest in the land. The other defendants were duly served with citation, but filed no answer and were not present nor represented at the trial. The case was tried by the court without a jury and judgment ren-

dered assessing the injury to the land at $2,-500, and the court decreed all the land to plaintiffs; said defendants' part being of less value than the damage assessed against them. From this judgment defendants have sued out a writ of error.

There is no statement of facts nor conclusions of law and facts filed by the court, and the assignments of error question the sufficiency of the petition to support the judgment and the power of the court to render same.

1. Plaintiffs in error complain that the petition does not state the estimated value of the land, and that it does not allege that defendants cut all the timber off the land, and left insufficient for plaintiffs to procure their pro rata share; hence the petition is subject to general demurrer.

[1] We are of the opinion that the petition stated a cause of action sufficient to support a verdict. It alleged that plaintiffs and defendants were the joint owners of the land and prayed for partition. It also alleged that defendants had wrongfully cut and destroyed a quantity of valuable timber, and the judgment recites, in effect, that timber had been cut from all the land, causing damage thereto to plaintiffs' loss in amount exceeding defendants' interest in the land. The defects alleged were only subject, if at all, to special exceptions.

[2] This was a proceeding in equity, and the court had the power to render the judgment it did. In Grassmeyer v. Beeson, 18 Tex. 754, 70 Am. Dec. 309, the court said:

"The giving of the remedy by statute in a court of law has never been deemed to take away, or in any degree to abridge the original and inherent powers and jurisdiction of the court of chancery in respect to the partitioning of estates. The statute prescribes a procedure which parties may adopt if they see proper; but it is not obligatory. Our courts possessing the powers of courts of chancery may proceed to administer relief upon the principles of equity as fully and completely as a court of chancery in England could do, without the aid of the statute. The foundation of the jurisdiction of equity is not in the statute, but in the judicial incompetency of the courts of common law, to furnish a plain, complete, and adequate remedy; and in complicated cases the statute would afford a very inadequate and incomplete remedy. But it is usual to provide in the decree for the commissioners to report, and upon confirmation of their report to direct conveyances to be made. But it is competent for the court to direct the manner of making the partition, and to decree the making of the conveyances, without the necessity of a report and decree of confirmation. The court may in the first instance direct conveyances to be made in pursuance of the allotments of the commissioners, if that be deemed proper. There can be no doubt that the powers of the court are adequate for this purpose; and if the decree should be erroneous, none but a party or privy, or some one whose interest is in some way affected by it, could complain or take advantage of the error."

See, also, Moore v. Blagge, 91 Tex. 162, 38 S. W. 979, 41 S. W. 465.

2. It is contended that under the allegations of the petition the court erred in rendering judgment for plaintiffs to the title of the defendants' one-fourth interest in the land; that the title to said one-fourth was not put in issue by the pleadings.

In a partition suit it is permissible for the court to take into consideration all matters incident to the partition. The accounting between the parties was an incident. The title to an undivided one-fourth of the land was conceded to be in the defendants. They had damaged the whole land by wrongfully cutting and destroying thereon the hard timber, for which it was mostly valuable, far in excess of the value of the one-fourth, which was a damage to plaintiffs' interest, and it was only equitable and just that plaintiffs should be remunerated, and to make them whole the court rightfully decreed the title to the land to them, which was within its equitable powers. Moore v. Moore, 89 Tex. 29, 33 S. W. 217; Williamson v. McElroy, 155 S. W. 1000; Kalteyer v. Whipff, 92 Tex. 674, 52 S. W. 63.

[3] 3. Complaint is made to the action of the court in not appointing commissioners to partition the land and allow plaintiffs to make a division among themselves. The court having decreed all of the land to plaintiffs to satisfy in part the damage done them by the wrongful acts of defendants, there was no necessity to appoint commissioners of partition. The plaintiffs having agreed among themselves to divide the land, it would have been an useless expense and was a matter in which defendants were not interested in and they cannot now be heard to complain.

We have not discussed the assignments in seriatim, but hold upon the whole case that, this being an equitable proceeding for partition and accounting between cotenants, the court had the power to adjust the matters passed upon.

There being no reversible error shown by the record, the judgment is affirmed.