THORNTON et al. v. McREYNOLDS et al.

(Court of Civil Appeals of Texas. Texarkana. April 10, 1913. Rehearing Denied April 24, 1913.)

1. EVIDENCE (§ 501*)—OPINION EVIDENCE—TESTAMENTARY CAPACITY — SUBSCRIBING WITNESSES.

Subscribing witnesses to a will may testify, without qualifying as experts, that they are of the opinion that the testatrix was of sound mind at the time of the execution of the will, without stating the facts upon which the opinion is based.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. § 501;* Wills, Cent. Dig. § 118.]

2. EVIDENCE (§ 501*)—OPINION EVIDENCE—TESTAMENTARY CAPACITY—FACTS FORMING BASIS OF OPINION.

Persons, other than the subscribing witnesses to a will, who merely state that they had opportunity to know the facts upon which they base an opinion as to the mental condition of the testatrix, may testify that in their opinion she was of sound mind, without qualifying as experts or giving the facts upon which they base their opinion; the requirement that such witnesses shall state facts only applying when their opinion is against the testamentary capacity.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. § 501;* Wills, Cent. Dig. § 118.]

3. WILLS (§ 215*)—PROCEEDINGS FOR PROBATE—ATTACK UPON VALIDITY OF ITEMS.

Under Rev. Civ. St. 1911, art. 3358, declaring that when a will has been probated its provision shall be executed, unless annulled in a proceeding instituted for that purpose, contestants of a will cannot attack specific provisions as invalid in the proceeding for probate, but must institute separate proceedings for that purpose.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.*]

4. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR — INSTRUCTIONS — APPELLANT NOT ENTITLED TO VERDICT.

An instruction which states that the jury should find for the proponents of a will if they believe the testatrix was of sound mind when it was executed, unless they found for the respondents under subsequent provisions of the charge, which recited substantially the pleadings of contestant, even if erroneous, is harmless, where the testimony was not sufficient to support a verdict in favor of the contestants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068;* Trial, Cent. Dig. § 525.]

Appeal from District Court, Lamar County; T. D. Montrose, Judge.

Application by John F. McReynolds and another for the probate of the will of Mary L. Mayers, deceased. From a decree admitting the will to probate, contestants appeal. Affirmed.

J. G. Dudley and Moore & Park, all of Paris, for appellants. Moore & Hardison, of Paris, for appellees.

WILLSON, C. J. The appeal is from a judgment probating as the last will of Mrs. Mary L. Mayers, deceased, an instrument by the terms of which she gave to her daughters Harriett C. Lake and appellant Virginia L. Thornton, $5 each; to her daughters Mary E. Linde and appellant Ellen D. Rapley, on conditions which need not be stated, an interest in certain land in Hot Springs, Ark.; to her daughter Mary L. Rogers, on the condition she would care for her during the remainder of her life, certain lots in Paris, Tex.; to her grandchildren, Charlie M. Rogers, Marie Louise Rogers, Rapley D. Rogers, Albert R. Linde, and Flora T. Mockwtz, respectively, an interest in certain land in Hot Springs and in Ft. Smith, Ark.; to her great-granddaughter Elanora M. Anderson an interest in certain land in Ft. Smith; to the vestrymen of the Episcopal Church in Paris $300; and to the vestrymen of an Episcopal Church in Ft. Smith $50. In the instrument appellees John F. McReynolds and Luther Rees were named as the executors thereof. When the executors offered the instrument for probate in the county court, appellants Ellen D. Rapley and Virginia L. Thornton contested the probate thereof on the ground (1) that Mrs. Mayers was not of sound mind at the time she executed it, and (2) that she was induced to execute it as the result of undue influence exercised on her by Martha L. Rogers and members of her family and one B. S. Henderson, Mrs. Mayers' legal adviser, who drafted the instrument. In the county court the issues were determined against appellants, and the instrument was admitted to probate as the last will of Mrs. Mayers. On the appeal prosecuted by appellants to the district court, the trial was to a jury, who found, on testimony which we think would not have supported findings to the contrary, that Mrs. Mayers was of sound mind at the time she executed the instrument, and that she was not induced to execute it by any undue influence exerted over her.

[1] W. T. Ridley and G. F. Thornhill were the subscribing witnesses to the will. The court permitted each of them, over appellants' objection thereto, on the ground that he had not qualified as an expert, nor stated facts sufficient as a basis for an opinion, to testify he was of the opinion the decedent was of sound mind at the time she executed the will. It was not error to admit the testimony. A subscribing witness to a will, whether he is an expert or not, without stating the facts on which he bases it, can state his opinion as to the mental condition of the testator. Abbott's Trial Ev. p. 148; 1 Wigmore, Ev. § 689; 3 Wigmore, Ev. § 1936; 28 A. & E. Enc. Law (2d Ed.) p. 101.

[2] Overruling objections thereto on like

grounds, the court permitted Mrs. Jones, Mrs. Berger, and others, respectively, to testify that she was of the opinion the decedent was of sound mind during the year 1911. Neither of these witnesses qualified as an expert, and the basis for the opinion each expressed was the fact that she was acquainted with the decedent before and during that year and until her death, and saw and conversed with her frequently. It may be conceded that the most that appeared was that the witnesses had an opportunity to know facts which entitled them to an opinion; still we think the court did not err in overruling the objections to their testimony. After stating the general rule which denies to a nonexpert witness the right to state his opinion in such a case, unless he details the facts on which it is based, the author of the article on Testamentary Capacity, in 28 A. & E. Enc. Law (2d Ed.) p. 99, notes a distinction, which we think should be recognized as existing, when he says: "A distinction, however, has been drawn between witnesses who give opinions against the testator's capacity and those who testify to a belief in his mental soundness. In the case of the latter class of witnesses it would seem that one who shows an acquaintance with the person whose mental capacity is in question, and a familiarity with his general conduct, may testify that in his opinion such person is of sound mind. He need not specify the facts upon which he bases his belief. It is sufficient if he knows of nothing tending to indicate insanity." And see 3 Wigmore on Evidence, § 1917 et seq.

[3] Appellants requested the court to charge the jury as follows: "In this case the jury are instructed that items Nos. 8 and 9 of the instrument in evidence before the jury as the will of Mrs. Mary L. Mayers are not testamentary in their character, but attempt to pass an estate or interest upon a condition and consideration to take effect during the lifetime of the testator. The jury therefore will find a verdict for the defendants as to those items and refuse to probate the said items as a part of said instrument or will, even though they should find for the plaintiffs, probating the rest of the said instrument as the last will and testament of Mrs. Mary L. Mayers." In Prather v. McClelland, 76 Tex. 584, 13 S. W. 545, the Supreme Court, construing article 3358, Revised Statutes 1911, which declares that, "when a will has been probated, its provisions and directions shall be executed, unless the same are annulled or suspended by order of the court probating the same on a proceeding instituted for that purpose by some person interested in the estate," held that an attack on a specific provision in a will, on the ground of its invalidity, had no place in a proceeding to probate the will. After quoting the article set out above and others, the court said: "That the proceeding to annul some of the provisions of the will attempted, in this case,

to be injected into the proceeding to probate it is required to be commenced and conducted as a separate and distinct proceeding after the will has been probated is, we think, too clear to require argument or illustration in its support." This ruling, we think, is conclusive of appellants' contention that the court erred in refusing to instruct the jury as requested.

[4] The court instructed the jury to find for appellees if they believed Mrs. Mayers was of sound mind at the time she executed the will, unless they found for appellants "under subsequent portions of this charge." He then recited, substantially, the allegations in appellants' pleading setting out the grounds of their contest, and told the jury to find for appellants if they believed either of those grounds to have been established by the evidence. Several objections are urged to the latter portion of the charge; the most meritorious of the number being, we think, one which attacks the instruction as erroneous, on the ground that it "required contestants to prove more than the law required them to prove, before the jury were authorized to find against the validity of the will." If the instruction was erroneous on that ground, there is authority for saying appellants have no right to complain of it, because it submitted the issues just as they pleaded them. Edwards v. Millsaps, 70 S. W. 357; Triplett v. Morris, 18 Tex. Civ. App. 50, 44 S. W. 687. However, we do not care to rest our conclusion that the judgment should not be reversed for errors in the charge complained of on the fact that the instruction was in the language of appellants' pleadings. To our minds, a more satisfactory reason for overruling appellants' contention lies in the fact that the testimony demanded the finding made by the jury. The testimony relied upon to defeat a probate of the will, we think, was not of sufficient probative force to support a finding by the jury contrary to the one they made. Therefore, if there was error in the instruction, it should be treated as harmless.

The judgment is affirmed.