**WALKER v. IRBY et al. (No. 9412.)**

(Court of Civil Appeals of Texas. Fort Worth.
Dec. 24, 1920. Rehearing Denied
Jan. 22, 1921.)

**1. Wills ☞212—May be contested, notwithstanding agreement between contestant and one of the beneficiaries.**

Agreement between I., contestant of a will, and B., one of the two beneficiaries, that they shall share equally in the estate, whatever the outcome of the proceedings, does not deprive the court of power to proceed with contest of the provisions of the will favorable to the other beneficiary.

**2. Wills ☞204—Statutes held inapplicable to contest of application to probate.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 3358–3361, as to applications to annul or suspend the provisions and directions of a will after it has been probated, are inapplicable to contest of application to probate will.

**3. Wills ☞161—Undue influence over testator as to one provision does not invalidate others.**

Other provisions of a will are not invalidated by the fact of one person by fraud or undue influence obtaining provisions therein for himself.

**4. Trial ☞351(2)—Court to determine matter as to which no special issue is asked.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, it is the province of the court to determine a matter as to which no special issue was requested, and as to which the jury made no special finding.

**5. Wills ☞164(1)—Testimony held admissible, as showing part of will was not affected by undue influence.**

Testimony on contest of the will of the father of the parties, giving all his property to two of his children, B. and W., that their mother, who had predeceased the father, had requested all to look after her baby, B., was not prejudicial to W., and was admissible as tending to show any undue influence of W. did not affect the provision for B.

**6. Wills ☞164(3)—Testimony showing unnatural discrimination, contrary to recital of will, admissible to show undue influence.**

The will in favor of two only of testator's children, B. and W., having stated as a reason for excluding the others from participation that he had already advanced to them more than their inheritable interests, evidence of a greater advancement to W. than to any of the others is admissible on the issue of undue influence by W., to show an unjust and unnatural discrimination; likewise, in connection with such evidence, evidence that at time of execution of will W. had considerable property, and the children excluded practically nothing.

**7. Appeal and error ☞1053(3)—Admission of evidence held harmless, in view of pleading.**

Admission of testimony as to an oral agreement was harmless; it being the same as the written agreement pleaded and introduced by appellant.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Contest by Mrs. Emma Irby of a will, of which Mrs. Ella Briley was proponent; Lee Walker intervening, and praying for probate of the will in its entirety. From a judgment sustaining the contest in part, said Walker appeals. Affirmed.

I. W. Stephens, of Fort Worth, and Shropshire & Bankhead, of Weatherford, for appellant.

S. C. Padelford, of Fort Worth, and Hood & Shadle and Preston Martin, all of Weatherford, for appellees.

DUNKLIN, J. This is the second appeal in this case; the disposition of the former appeal appearing in 193 S. W. 419, under the style of Clark et al. v. Briley. On the trial from which the former appeal was prosecuted, Mrs. Briley, one of the devisees, was the proponent of the will of her father, Dr. G. B. Walker. The probate of the will was contested by his two daughters, Mrs. Mattie Clark and Mrs. Emma Irby. After the first trial of the case, and pending the first appeal, Mrs. Clark died. Before the case was called for trial the last time, Mrs. Briley and Mrs. Irby, joined by their respective husbands, entered into the following written agreement:

"The State of Texas, County of Parker.

"Know all men by these presents that we, Mrs. Etta Briley, and Mrs. Emma Irby, do hereby make and execute this agreement of settlement and compromise of the estate of our father, Dr. G. B. Walker, deceased:

"We agree that it matters not how the proceeding to probate the will of Dr. G. B. Walker is decided; that we will share equally in the estate, taking into consideration the amount of money that Mrs. Emma Irby has received from her father for her interest in her mother's estate, and the amount of costs which have been paid by Mrs. Etta Briley, and the amount of rent that Mrs. Etta Briley has collected off of the 160 acres devised to her by her father, less the amount of the improvements placed by her on the 160 acres; and it is further agreed that we will take such proceedings in court as is best to effectuate this agreement."

Mrs. Irby then filed an amended contest, in which she alleged that all the provisions of the will, except that portion devising 160 acres of land to Mrs. Briley, was procured by undue influence exercised by Lee Walker upon the testator, and she specially pleaded that such portions of the will so induced were null and void by reason of such influence, although in her prayer she formally asked for an annulment of the entire will. She further expressly alleged that the devise to Mrs. Briley probably expressed the voluntary wish

of her father by reason of certain facts enumerated.

When the agreement between Mrs. Briley and Mrs. Irby became known, Lee Walker intervened, pleading that agreement as a collusive agreement to have the will probated in part and annulled in part, praying for a probate of the will in its entirety, and denying all the allegations of undue influence contained in the pleadings.

In reply to the plea of intervention, the proponent, Mrs. Briley, alleged that the devise to her could be separated from that in favor of Lee Walker, and that the same was not induced by undue influence exercised over the testator by any person, but was valid in every respect, and substantially that such portions of the will as devised property to her should at all events be probated as the last will and testament of the testator, even though the other portions should be held void for the reasons alleged in contestants' pleadings.

The will in controversy reads as follows:

"The State of Texas, Parker County.

"Knowing the uncertainty of life and the certainty of death and being desirous to settle my worldly affairs while I have capacity so to do, I, G. B. Walker, make this my last will and testament hereby revoking all former wills.

"Item 1. I will that all my just debts be paid, that my body be given a decent burial.

"Item 2. I devise and will to my son, Lee Walker, 160 acres of land being that portion of the Nancy Millard survey deeded to my wife Rachel E. Walker by James H. Millard on the 22d of March, 1875, the same recorded in the deed records of Hood county, Book D, page 42, to which reference is made, to be his in fee simple forever.

"Item 3. I will and devise to my daughter Etta Briley 160 acres of land being that portion of the Nancy Millard survey deeded my wife Rachel E. Walker by John James and wife on Jan. 10th, 1874, which deed is recorded in deed records of Hood county, Texas, Book D. pp. 35-6-7, to which reference is made, to be hers, the said Etta Briley's, in fee simple forever.

"Item 4. Whereas I have heretofore advanced to my other children moneys more than their inheritable interest in my estate it is my will and I so will and direct that neither they nor their descendants shall have or take any interest in my estate.

"Item 5. I will, devise and bequeath to my son Lee Walker and to my daughter Etta Briley all other real and personal property of every description that I may own at my death, to be owned by them in fee simple, and to be divided between them share and share alike.

"Item 6. I hereby appoint Lee Walker and Etta Briley executors of this my last will and my wish is and I so direct that no bond be required of them and that the courts of the county have nothing to do with my estate except to probate this will and to require my executors to file an inventory and appraisement and list of claims.    G. B. Walker."

Upon the last trial it was adjudged that those provisions of the will, purporting to devise and bequeath land and personal property to Lee Walker and appointing him as one of the executors, be annulled and rejected, and that the will in all other respects be probated as the last will and testament of G. B. Walker, deceased. The rejection of those provisions in the will purporting to devise and bequeath the land mentioned in item 2 and personal property mentioned in item 5 were decreed to be the result of undue influence exercised upon the testator by Lee Walker, by reason of which they were null and void, but that all other provisions in the will with respect to the disposition of the testator's property were made freely and voluntarily by the testator and should therefore be given effect as his last will and testament. Testator left no real estate except the two tracts mentioned in the will. From that judgment, Lee Walker has appealed.

The case was tried before a jury, to whom was submitted special issues. Those issues, omitting certain instructions to guide the jury in answering them, and the findings of the jury thereon, are as follows:

"No. 1. Was the instrument, introduced in evidence and referred to as the will of G. B. Walker, made by the said G. B. Walker without any undue influence of Lee Walker being exerted upon him, which operated upon him at the time of and in making said will?

"Answer: No.

"No. 2. Did Lee Walker exert any undue influence over G. B. Walker, which at the time of and in making said will influenced him in making any of the provisions of said will?

"Answer: Yes.

"No. 3. If you have answered issue No. 2 in the affirmative, then did such undue influence of Lee Walker extend to and affect all the provisions of said will?

"Answer: No.

"No. 4. If you have answered issue No. 2 in the affirmative, and issue No. 3 in the negative, then did such undue influence of Lee Walker extend to and affect the provision of said will in favor of Mrs. Etta Briley?

"Answer: No."

[1] As a proposition of fundamental error, appellant insists that the court had no power to hear and determine the contest of the will by Mrs. Emma Irby after she had entered into a compromise agreement with her sister and had thus abandoned her contest. In his brief appellant contends that this proposition of fundamental error was brought to the notice of the district court by him in his motion for a judgment in his favor after the verdict of the jury was returned; the ground for such motion being the written agreement between the parties which had been offered in evidence. Appellant has cited the case of Stringfellow v. Early, 15 Tex. Civ. App. 597, 40 S. W. 871, in support of this assignment. That was a suit to probate a will by some of its beneficiaries, and

the same was contested. One of the parties pleaded an agreement by all that the will should not be probated and that the estate should be divided among them in accordance with the law of descent and distribution; the proponent of the will thereby surrendering his rights as principal legatee. The trial court sustained an exception to the plea setting up that agreement, and the judgment was reversed by the Court of Civil Appeals on the ground that such an agreement was not against public policy, but favored by the law and should therefore be enforced.

If, by the agreement between Mrs. Briley and Mrs. Irby, all issues in controversy between all parties to this suit had been settled, then the same could have been pleaded in bar, because the court would not do a useless thing to adjudicate a mooted question only, when there was no real controversy between the parties. But such is not true here. The agreement was a compromise settlement as between Mrs. Briley and Mrs. Irby, but it did not cover or purport to embrace a settlement of the rights of property as between Mrs. Irby and Lee Walker. After the agreement was entered into, Mrs. Irby was interested in setting aside the devise to Lee Walker as well as item 4 of the will, which excluded her from taking any interest in the estate of her father, and which item she also in her pleadings sought to annul. In this connection it may be added that, while item 4 was probated as a part of the testator's will, and while no complaint is made by Mrs. Irby of that portion of the judgment, yet she did attempt to sustain the contest of that item, as well as the provisions favorable to Lee Walker, by offering evidence which tended to invalidate it. It is to be noted, further, that the agreement does not, in terms, contemplate an abandonment by Mrs. Irby of her right and intention to contest that item.

Moreover, even if item 4 is still effective, Mrs. Irby, under her agreement with her sister, was interested in setting aside two provisions of the will in favor of Lee Walker, since in that event Mrs. Briley would inherit one-half of the property willed to Lee Walker, and that half she would share equally with Mrs. Irby, under the agreement between them. Up to the time that agreement was entered into, Lee Walker had not seen fit to join in the application of Mrs. Briley to have the will probated, although the probating of the same was as much for his benefit as for that of Mrs. Briley. After he discovered that the agreement was entered into, he intervened, asking that the will be probated in all its parts, and resisted the contest, no longer leaving to Mrs. Briley the burden and possible individual expense of her effort to probate the will for his benefit as well as hers. Under such circumstances he was in no position to complain that his rights were sacrificed or in any manner affected by reason of the agreement. The agreement of the two sisters to settle the controversy as between them was to be commended, and Mrs. Irby allowed to proceed with the contest, notwithstanding it, if the same could be done without contravening any principle of law. Stringfellow v. Early, 15 Tex. Civ. App. 597, 40 S. W. 871; Schouler on Wills, Executors and Administrators, § 1072.

Article 3358, V. S. Tex. Civ. Stats., reads as follows:

"When a will has been probated, its provisions and directions shall be executed, unless the same are annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate."

Article 3359:

"Such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the provisions and directions in the will that are objected to and the ground of objection."

Article 3360:

"Upon the filing of such application, the clerk shall issue a citation for the executor or administrator with the will annexed to appear at a regular term of such court and answer such application, the substance of which application shall be set forth in the citation; and such citation shall further direct such executor or administrator to refrain from executing the provisions and directions in the will that are objected to, until such application has been heard and decided by the court."

Article 3361:

"If it appear upon the hearing of such application that no material injury to the interests of the applicant will be occasioned by executing the provisions and directions of the will, and that such provisions and directions are legal, the objections shall be overruled, and the provisions and directions objected to shall be confirmed and executed, and an order * * * shall be entered upon the minutes; otherwise an order shall be entered upon the minutes of the court annulling the provisions and directions in the will to which objections are sustained, or suspending the execution of the same until the further order of the court."

[2] In Prather v. McClelland, 76 Tex. 578, 584, 13 S. W. 543, and Thornton v. McReynolds, 156 S. W. 1144, it was held that by virtue of those articles of the statutes an application to construe a will could not be injected in a suit for its probate. In the first case cited, an attempt was made to have certain provisions of the will set aside, because they were contrary to public policy, and therefore void. In the second case cited the issue injected was the contention that certain items of the will should be rejected, because they were not testamentary in their character, and attempted "to pass an estate or interest upon a condition and consideration to take effect during the lifetime of the testator," and were therefore invalid. Those decisions are not in point here. The statutes

expressly apply only to applications to annul or suspend the provisions and directions of a will after the same has been probated. The contest in this suit was not that character of an action, any more so than any other contest of any application to probate a will.

[3] The fact that the contest in this case was of a part of the will only we do not think makes any difference. In the late work of Borland on Wills and Administration, p. 260, the following is said:

"Fraud or undue influence in procuring one legacy in a will does not invalidate other legacies not so procured."

A great number of authorities are cited in support of the text. To the same effect are numerous decisions cited in a note in 41 L. R. A. (N. S.) 1126; also, Harrison's Appeal, 48 Conn. 202, Eastis v. Montgomery, 93 Ala. 293, 9 South. 311, and several other decisions by the Supreme Court of Alabama which might be cited; also Wills v. Tanner (Ky.) 18 S. W. 166, and 40 Cyc. 1149 and 1233. In fact, we have found no authorities holding a contrary view.

[4] The judgment decrees that only those portions of the will favorable to Lee Walker were procured by his undue influence. While the jury did not make a specific finding to that effect, yet their findings, construed in the light of the evidence, could not be given any other interpretation. At all events, in the absence of such a finding by the jury, and in the absence of any request for a submission to the jury of that specific issue, it was the province of the court to determine it from the evidence. V. S. Tex. Civ. Statutes, art. 1985.

On the former appeal the question whether or not the will could be probated in part and rejected in part was not determined. That issue was not presented by any pleadings of any of the parties in the trial court, nor by any assignment of error presented in this court on that appeal. Nor was there any finding by the jury or trial court which could serve as a basis for its adjudication.

The evidence relied on to show that those items of the will which were favorable to Lee Walker were the result of the exercise by him of undue influence upon his father was practically the same as that introduced upon the former trial, which this court, on the former appeal, held to be sufficient to sustain a finding in favor of the contestant on that issue. We adhere to that conclusion now, and accordingly overrule all assignments based on the contention of insufficiency of evidence to warrant such a finding, or to warrant the submission to the jury of the issue of undue influence.

[5] Over Lee Walker's objection, Mrs. Irby testified that her mother, while on her deathbed, requested all the family to always look after her baby girl, who was Mrs. Briley. We fail to perceive how that testimony could in any event prejudice the suit of Lee Walk-

er to have the will probated in all its parts. It certainly tended to sustain that item in the will favorable to Mrs. Briley, which item she sought to have probated. It tended to show that the undue influence exercised by Lee Walker did not affect that item, and was admissible for that purpose, if for no other.

[6] Testimony of Mr. and Mrs. Briley tending to show that, some time prior to the execution of the will, Lee Walker received from his father horses of the value of $1,000, was admissible to show an unjust and unnatural discrimination between his children in favor of Lee Walker, in that by item 4 of his will he excluded from a participation in his estate four other children, for the stated reason that he had already advanced to them more than their respective inheritable interests in his estate; other evidence showing that Mrs. Mattie Clark had received only $500 from her father, and her two brothers, Walter and Henry, only $800 each.

Proof was introduced that in the year 1903 Lee Walker rendered for taxation 815 acres of land in Parker county, 16 horses, 82 cows, 34 goats, 4 hogs, and several items of farm implements, aggregating in value, according to the rendition, $3,045. Appellant objected to that evidence on the ground that it was prejudicial to him and immaterial. In overruling the objection, the court instructed the jury, in effect, that it was not their province to make a will for the deceased; that he had the legal right to devise his property to any one or more of the children, to the exclusion of any and all others; and that the evidence was admitted solely on the issue of undue influence. That evidence, in connection with other proof tending to show that Mrs. Mattie Clark and Mrs. Irby owned practically no property when the will was executed, and that Mrs. Mattie Clark and two of her brothers had each received less in advancements from their father than Lee Walker had received, was likewise admissible to show an unnatural discrimination in the will in favor of Lee Walker, and it was therefore admissible on the issue of undue influence, just as ruled by the trial court.

[7] Testimony of Mrs. Briley to negotiations between herself and Mrs. Irby, when Lee Walker was not present, which resulted in the written agreement of compromise and settlement, copied above, was objected to by appellant, on the ground that it was immaterial, and because those negotiations occurred in his absence. The error in admitting that testimony, if error at all, was harmless, because the testimony objected to related solely to a preliminary oral agreement between the witness and Mrs. Irby, which was reached in those negotiations, and which oral agreement was the same as that evidenced by the written agreement, which appellant himself specially pleaded and introduced in evidence.

All assignments of error are overruled, and the judgment is affirmed.