## HARRIS v. HARRIS' ESTATE et al.
### (No. 268.)

(Court of Civil Appeals of Texas. Waco. Oct. 29, 1925.)

**1. Wills ⬤⇒215—Court cannot construe will on application for probate.**

Court cannot construe will on application for its probate.

**2. Wills ⬤⇒215—Construction of will is matter for courts after instrument has been probated.**

Construction of a will is a matter for the courts to determine after the instrument has been probated, in view of Rev. St. 1911, arts. 3358–3361.

**3. Wills ⬤⇒69—"Will" defined.**

A "will" is a testamentary instrument, executed by any person who is competent, whereby he makes a disposition of his property to take effect after his death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Will (Testament).]

**4. Wills ⬤⇒206—That some of provisions of will are invalid, obscure, or incapable of execution is not ground for denying probate.**

That some of provisions of will are invalid, obscure, or not capable of execution is not ground for denying probate, if will is otherwise properly executed.

**5. Wills ⬤⇒100—Two or more parties may make joint will and dispose of property jointly or severally owned by them.**

Two or more parties may make a joint will and dispose of property jointly or severally owned by them.

**6. Wills ⬤⇒206—Instrument held sufficient to be probated as will.**

Instrument *held* sufficient to be probated as will.

**7. Witnesses ⬤⇒159(14)—Heirs, beneficiaries, or executors may not testify as to their opinion of deceased's sanity or as to whether they attempted to or did influence testator.**

In view of Rev. St. 1911, art. 3690, neither the heirs, beneficiaries, nor executors may

---

testify, in contest over probation of the will, as to their opinion of the sanity of deceased or as to whether they in any way attempted to or did unduly influence testator in the execution of the will, and admission of such testimony is reversible error.

**8. Wills ⊜⟹52(1)—Burden of proof of sanity of testator is at all times on proponent.**

In view of Rev. St. 1911, art. 3271, before the will is admitted to probate, persons offering it must establish to satisfaction of court that testator at time will was executed was of sound mind, and burden of proof is always on proponent to establish sanity or mental capacity of deceased before will can be admitted to probate.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Application to admit to probate an instrument as the last will and testament of F. M. Harris, deceased, contested by R. L. Harris. From an order admitting the will to probate, contestant appeals. Reversed and remanded.

Boyd & Smith, of Teague, and Williamson & McDonnell, of Waco, for appellant.

Edwards & French and Williford & Geppert, all of Fairfield, for appellees.

BARCUS, J. This is an appeal from an order of the district court admitting to probate as the last will and testament of F. M. Harris, deceased, the following instrument:

"Know all men by these presents, that we, F. M. Harris and Miss Pallie Harris, we being brothers and sisters and both of the county of Freestone and state of Texas; both being in good health and of sound and disposing mind and memory, do make and publish this, our last will and testament, and the last will and testament of each of us, hereby revoking all wills by us or either of us at any time heretofore made.

"First:—We direct that our just debts, if any, be paid out of our estate by our executors hereinafter to be appointed.

"Second:—We direct that our bodies be buried in a decent and Christian like manner, suitable to our circumstances and conditions in life.

"Third:—I, F. M. Harris, desire that all the property, real, personal and mixed, I may die seized and possessed of, after the payment of my just debts, if any, together with the expenses of probating this will, and the further sum of fifty dollars hereinafter named, shall pass to and vest in fee simple in my said sister, Miss Pallie Harris; and I give and bequeath to my said sister, Miss Pallie Harris, all the said property, real, personal and mixed, of which I may die seized and possessed, to use and manage and control during the term of her natural life, and to receive all the rents, revenues and profits arising out of, produced by or coming from same; and at her death, that all said property, real, personal and mixed, shall descend to and vest in E. G. Coleman and O. W. Young, equally; and I give and bequeath to said E. G. Coleman and O. W. Young, equally, all said property, that is on hand at the death of my said sister, to own in fee simple title.

"Fourth:—I, Miss Pallie Harris, desire that all the property, real, personal and mixed, I may die seized and possessed of, after the payment of my just debts, if any, together with the expenses of probating this will, and the further sum of fifty dollars, hereinafter named, shall pass to and vest in fee simple in my said brother, F. M. Harris; and I give and bequeath to my said brother, F. M. Harris, all the said property, real, personal and mixed, of which I may die seized and possessed, to use, manage and control during the term of his natural life, and to receive all the rents, revenues and profits arising out of, produced by or coming from same; and at his death, that all said property, real, personal and mixed, shall descend to and vest in fee simple in E. G. Coleman and O. W. Young, equally; and I give and bequeath to said E. G. Coleman and O. W. Young, equally, all said property that is on hand at the death of my said brother.

"Fifth:—If the said E. G. Coleman should die before us the said F. M. Harris and Miss Pallie Harris, it is our will that his children shall receive under this will what he would have received had he been living.

"Sixth:—If the said O. W. Young should die before us the said F. M. Harris and Miss Pallie Harris, it is our will that his mother, Mrs. Lucy Young and his wife, Mrs. Pearl Young, shall receive under this will what he would have received had he been living and that they shall receive same equally.

"Seventh:—It is our will that our brother R. L. Harris shall receive the sum of $50.00 from our said estate and we hereby give and bequeath to our said brother R. L. Harris fifty dollars, to be paid out of our estate by the executors hereinafter named, the said sum of $50.00 is what our said brother shall receive from our joint estate that is from the estate of F. M. Harris and Miss Pallie Harris.

"Eighth:—Our said property is given and bequeathed to the said E. G. Coleman and O. W. Young in consideration of the fact that they have lived with us for many years, that they are to continue living with us and help look after our property and look after and take care of us as long as we or either of us shall live, and they agree and have agreed to faithfully look after and take care of us during the term of natural life, and stay with us, help manage our affairs under our direction and attend to our wants as long as we or either of us shall live.

"Ninth:—We hereby constitute and appoint the said E. G. Coleman and O. W. Young executors of this our last will and testament, and direct that no bond or security shall be required of them or either of them as such executors.

"It is our will that no other action shall be had in the county court in administration of our estate than to prove and record this will and return an inventory and appraisement of our estate and list of claims."

Appellant, R. L. Harris, the brother of the deceased, filed a protest against the probation of said instrument, and by various assignments contends that it is not entitled to

probate as a will, because from its provisions it does not become effective until the death of his sister, Pallie Harris, the comaker thereof, and because it is an attempted disposal or disposition of the joint property of F. M. Harris, deceased, and Miss Pallie Harris, who is still living, and because the instrument as a whole shows that it is not to become effective until the death of both F. M. Harris and his sister, Pallie Harris.

[1-5] It is a well-established rule that on an application for the probate of a will the court cannot construe same, or any part thereof. The construction of a will is a matter for the courts to determine after the instrument has been probated. Revised Statutes, arts. 3358 to 3361, inclusive; Prather v. McClelland, 76 Tex. 574, 13 S. W. 543; Thornton v. McReynolds (Tex. Civ. App.) 156 S. W. 1144. A will is a testamentary instrument, executed by any person who is competent, whereby he makes a disposition of his property to take effect after his death. 28 R. C. L. 58. A will which has been properly executed is not wholly to be denied probate because some of its provisions are invalid, obscure, or not capable of execution. 40 Cyc. 1227; Re John's Estate, 30 Or. 494, 47 P. 341, 50 P. 226, 36 L. R. A. 243. Two or more parties may make a joint will and dispose of property jointly or severally owned by them. 28 R. C. L. 166; Cawley's Estate, 136 Pa. 628, 20 A. 567, 10 L. R. A. 93, and notes; March v. Huyter, 50 Tex. 243; Wyche v. Clatt, 43 Tex. 543; 40 Cyc. 2110; Larrabee v. Porter (Tex. Civ. App.) 166 S. W. 395.

[6] Clearly, paragraph 3 of the instrument above quoted is testamentary in its character and disposes of the property of F. M. Harris, and the final clause appoints executors of the will, and provides that no action shall be taken in the county court over his estate except to probate the will. We construe the instrument as a whole to be a will, and overrule appellant's assignments, which attack the sufficiency of the instrument to be probated as a will.

[7] The trial court, over the objection of appellant, permitted Miss Pallie Harris, the sister of F. M. Harris, deceased, to testify that from her knowledge of her brother at the time he executed the will he was sane, and, further, that she did not at any time try to dominate him or interfere with him or unduly influence him to make any certain kind of a will. Appellant further complains of the trial court's permitting the witness Guy Coleman, who is one of the executors named in the will, as well as a beneficiary, to testify that he did not in any way influence or try to influence the deceased to execute the will, and that from his observation the deceased, F. M. Harris, was, when he made the will, of sound mind. Appellant contends that said testimony is prohibited by article 3690 of the Revised Statutes. We sustain these assignments. It is now the established rule of our courts that in a contest over the probation of a will neither the heirs, beneficiaries, nor executors under the will can testify as to their opinion of the sanity or insanity of the deceased, or as to whether or not they in any way attempted to or did unduly influence the testator in the execution thereof. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311.

[8] The trial court submitted the cause on two issues. By the first the jury was asked to determine whether the testator had the mental capacity to execute the instrument at the time same was executed, and the court instructed the jury, over appellant's timely objection and exception, that the burden of proof was upon contestant (appellant) to establish the negative of said issue by a preponderance of the evidence. Appellant assigns error on the court's action in placing the burden of proof with reference to said issue on him. We sustain this assignment. Under article 3271 of the Revised Statutes, before a will is admitted to probate the persons offering same must establish to the satisfaction of the court that the testator at the time the will was executed was of sound mind, and the burden of proof is at all times on the proponent to establish the sanity or mental capacity of the deceased before the will can be admitted to probate. 40 Cyc. 1272; 28 R. C. L. 398; Navarro v. Garcia (Tex. Civ. App.) 172 S. W. 723; Beazley v. Denson, 40 Tex. 424; Sherwood v. Sherwood (Tex. Civ. App.) 221 S. W. 658.

The judgment of the trial court is reversed and the cause remanded.