## BROWN et al. v. BURKE et al.
### No. 888.

Court of Civil Appeals of Texas. Waco.
March 20, 1930.

Rehearing Withdrawn on Motion of Appellees
April 10, 1930.

J. A. Millerman, of Abilene, and Callicutt & Upchurch, and Taylor & Howell, all of Corsicana, for appellants.

Richard & A. P. Mays and Davis, Jester & George, all of Corsicana, for appellees.

BARCUS, J.

This is an appeal from an instructed verdict given by the trial court, refusing to probate the following instrument as the last will and testament of J. H. H. Burke:

"February 2, 1904

"Know All Men Whom This May Concern: That I, J. H. H. Burke have willed at my death all my property to my wife, Martha J.

Burke, both personal and real estate to her, her lifetime if she does not marry, and if she marries then the property to be equally divided between five children, Odie, Zeb and Harrison Burke, my sons, also Mattie and Johnnie Burke, two my 'daughters, they paying Essie Connor fifty dollars out of the estate, who is the wife of William Connor. I don't want William Connor to ever have as much as one cent of my effects. I hope this will be satisfactory with my wife and children. Don't disagree over the property.

"[Signed] J. H. H. Burke."

The instrument was shown to be entirely in the handwriting of J. H. H. Burke. At the time the instrument was drawn, Mr. Burke was sixty-four years of age. He died in December, 1922, at the age of nearly eighty-two years. His wife, Martha J. Burke, died in 1912. At the time of Mr. Burke's death all the property which he owned was community property of himself and his deceased wife. He left surviving him the six children named in, said written instrument, Essie Connor named therein being one of his children. No fact or circumstance surrounding the writing and execution of said document was offered in evidence. The instrument was offered for probate by Martha (Mattie) Burke Brown, one of J. H. H. Burke's children, three years and seven months after the death of Mr. Burke, and its probate was resisted by his three sons, Odie, Zeb, and Harrison Burke. During the pendency of the suit, Johnnie Burke, who had married Mr. McCluney, died, and her children intervened and joined Martha Burke Brown, asking for the instrument to be probated.

The instrument was probated by the county court. On appeal to the district court the cause was tried to a jury. The only testimony offered was that of two witnesses to establish the fact that the instrument was written wholly in the handwriting of J. H. H. Burke, and testimony showing the names of the children of J. H. H. Burke; the fact that Mrs. Burke died in 1912 and her husband died in 1922 at the age of eighty-two; and the jurisdictional facts. At the conclusion of said testimony the proponents rested and the contestants asked the court for a peremptory instruction, which was given, on the theory that since it was shown that Mrs. Burke died prior to the death of her husband, her legacy lapsed, and that being the only legacy provided for under the will, there was no taker thereunder and no reason for said will being probated; the contestants' theory, which the trial court adopted, being that since the instrument provides specifically that Mrs. Burke was to have the property during her lifetime, if she did not marry, and if she married, then the property was to go to the children, and since she died without remarrying, that there was no remainder to the children. In other words, the contestants contend that the children named in said will had no remainder in the proper-

ty except and unless their mother remarried. Appellants contend that the reasonable and proper construction to put on said instrument is that, taking the same as a whole, the intention of the testator was to leave the property to his wife, if she outlived him, during her widowhood, and that upon her death or marriage his property should then go to the five children named.

■ Appellants contend that the trial court was in error in attempting to construe the will on application for its probate. They further contend that if it is necessary or proper to construe the instrument before it is probated, the trial court has erroneously construed the same. The general rule is that in the probate of a will it is not the province or right of the court to construe same. The matter of construction is left for the courts in a separate and independent action after the will has been probated. Prather v. McClelland, 76 Tex. 584, 13 S. W. 543. In Taylor v. Martin's Estate, 117 Tex. 302, 3 S.W.(2d) 408, the Supreme Court held that the court, in passing upon the question of whether an instrument offered for probate as a will had been revoked by operation of law, on undisputed facts disclosed by the application for probate and contest thereof, could and should so far construe same as to determine whether the document had been revoked by reason of subsequent conditions arising after it had been written. If the death of Mrs. Burke prior to the death of her husband terminated the only possible devise or bequest under said document, then same would in law constitute a revoking thereof. It would be a useless thing to probate a document as a will which did not convey or bequeath to any person any portion of an estate.

■ In the construction of wills the cardinal rule is to determine, if possible, from the entire instrument, the intention of the testator. Haring v. Shelton, 103 Tex. 15, 122 S. W. 13; Sims v. McMullan (Tex. Civ. App.) 22 S. W.(2d) 313, and authorities there cited. It has been universally held that where a will is ambiguous or its terms uncertain or doubtful, the circumstances surrounding its execution are admissible in evidence in order to ascertain the real intention of the testator, which then becomes a fact issue for the trial court or jury to determine. Russel v. Adams (Tex. Com. App.) 299 S. W. 889, and authorities there cited. In this case the instrument was left for the trial court's construction based alone on said instrument. If the instrument is probated as a will, it would not thereafter deprive the courts of the right to hear evidence and construe it. If same is refused probate, then there is no opportunity left for the courts in the future to construe same. Taking the instrument on its face, without any of the circumstances surrounding its execution, we are constrained to hold that same is entitled to probate. The reasonable

intention to be drawn from said instrument as a whole is that Mr. Burke desired his wife to have the use of his property during her widowhood, and upon her death or marriage, it was his desire that his property should go to his children named in said will. Our courts uniformly hold that where a will leaves property to one person for life with the remainder to other named persons, and the life tenant dies before the testator, the other named parties take under the will upon the death of the testator. The trial court was in error in instructing the jury to return a verdict for appellees refusing to admit said will to probate.

In their contest to the probate of said will, appellees, in addition to a general denial, specifically pleaded that all the parties at interest had after the death of Mr. Burke examined said instrument, and being in doubt as to its being construed as a will, and for the purpose of saving a family controversy and for the purpose of dividing the estate, had entered into a compromise and settlement agreement, under the terms of which the entire estate was to be and had in part been divided, and that all parties at interest had agreed that said document would not be offered for probate. Contestants, by reason of the trial court having given the peremptory instruction, offered no evidence either in support of their general denial to proponents' application or in support of their contract and special defenses alleged. Under the holding of Fore v. McFadden (Tex. Civ. App.) 276 S. W. 327, and authorities there cited, appellees alleged a sufficient contract to prevent said will from being probated. Since the case was not developed, the judgment of the trial court is reversed, and the cause is remanded.