**ARA et al. v. BERNHARDT et al.**

No. 8469.

Court of Civil Appeals of Texas. San Antonio.
June 18, 1930.

Proctor, Vandenberge, Crain & Vandenberge and C. C. Carsner, all of Victoria, for appellants.

Edw. C. Thomas and J. W. Ragsdale, both of Victoria, for appellees.

COBBS, J.

Appellants filed formal application to probate the last will and testament of Habib Ara, and appellees contested the application on the following grounds:

"(1) That the will was not executed with the solemnities and formalities required by law;

"(2) That the testator did not declare the will to be his last will and testament in the presence of the subscribing witnesses;

"(3) That the testator lacked testamentary capacity at the time of the execution of the will;

"(4) Undue influence exercised by Frank Ara, Louis Ara and Joe Ara over the testator."

The trial in the county court was had without the intervention of a jury, and resulted in a judgment admitting the will to probate.

The contestants, appellees herein, prosecuted an appeal to the district court of Victoria county, Tex., where the case was tried before a jury. The case was submitted to the jury upon the sole issue of testamentary capacity, and, the jury having found that testator did not have testamentary capacity at the time of the execution of the will, judgment was rendered denying probate of the will. Proponents' (appellants') motion for new trial having been overruled by the court, appellants have appealed, and this court now has jurisdiction of this case.

Appellees, among other things, answered:

"These contestants further show to the Court that what purports to be the last will and testament of Habib Ara, deceased, should not be admitted to probate because the said Habib Ara, testator, was at the time of the making of said will an extremely old man, weak and infirm physically and he did not have the mental capacity to understand the nature of the business he was engaged in, the nature and extent of his property, the persons to whom he meant to devise and bequeath, the persons dependent upon his bounty and the mode of distribution among them; that he did not have mentality sufficient to collect in his mind the elements of the business to be transacted and to retain them long enough to preserve and understand their relations to each other and to be able to form a reasonable judgment as to them."

The question as to the capacity of the testator to make the will is the sole issue involved in this case, and our consideration of the facts evolves around the issue as to decedent's condition at the time of making the will. It may be, as claimed, that decedent was a very old and infirm man physically, suffering from the disease of diabetes, but that would not mean that he had not the mental capacity to understand the business he was engaged in, the extent of his property, and the names of the persons dependent upon him; and the mental capacity to retain facts long enough to preserve and understand their relation to each other and to be able to form a reasonable judgment as to them. His will was written by an able

and reputable attorney, who called upon him at least three times the day he was writing it, and who says the deceased was competent to make the will and knew the disposition he desired to make of his property. But did he know? Still, upon all the facts before the jury, it found against probating the will.

We have carefully investigated the record, and considered especially appellants' brief, which leads to the conviction, without quoting the testimony, that, while deceased was an invalid and suffering from his disease, his mind was weakened, and he did not know or understand the property he possessed nor the persons to whom he desired it to be left.

■■ It is not required for a person to possess any great learning or capacity to make a valid will, but only sufficient mentality to know what he is doing, which at last is a jury question. The jury had all the evidence on the subject before it, and found against the will, and no good reason is shown why we should disregard such finding and destroy the verdict of the jury. It is with some degree of hesitancy that we do affirm the case, but we feel bound to do so upon the holding of our courts on jury findings.

In looking over the assignments and ruling of the court, we find no error presented that calls for a reversal. It is a fact case, largely, with sufficient evidence to support the judgment.

The judgment is affirmed.