Court of Civil Appeals of Texas. El Paso.
Sept. 17, 1936.

———◇———

J. L. Turner, of Dallas, for appellant.

Walter B. Branan, of Dallas, for appellees.

HIGGINS, Justice (after stating the facts as above).

■ Toledo Walker Tarver was entitled to apply for probate of the will. Article 3339, R.S. There was therefore no occasion to join the heirs of Jackson Walker after the latter's death.

## RICKS v. TARVER et al.

No. 3397.

Court of Civil Appeals of Texas. El Paso.
Sept. 17, 1936.

■ Aside from certain suggestions of fundamental error appellant's propositions are all foreign to the ultimate issue before the court. Such issue was whether the instrument offered should be probated as the last will of the deceased. Article 3348, R.S., states the facts necessary to be proven in order to probate the instrument. Those facts were proven by undisputed evidence and the court properly admitted the will to probate. Any homestead right, or other interest in the estate of the deceased, which appellant may have, independent of the will, remains unaffected by the order of probate.

Simpkins Administration of Estates (3d Ed.) § 65; see, also, Prather v. McClelland,

76 Tex. 574, at page 584, 13 S:W. 543; Skeeters v. Hodges (Tex.Civ.App.) 270 S. W. 907; Harris v. Harris' Estate (Tex. Civ.App.) 276 S.W. 964, and Brown v. Burke (Tex.Civ.App.) 26 S.W.(2d) 415, 416.

There is no fundamental error shown by the record.

Affirmed.