**McNALEY et al. v. SEALY et al.**

No. 8757.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1938.

Rehearing Denied Dec. 21, 1938.

the jury found that testator had sufficient mental capacity to execute the will and codicil; and judgment was accordingly rendered for proponents; hence this appeal.

The trial court erred in refusing to admit in evidence a certified copy of the application of testator, S. V. Payne, for a pension, filed with the Old Age Assistance Commission on December 28, 1936. The will was dated October 3, 1936, the codicil was dated December 13, 1936, the application for pension was dated December 28, 1936, and in which he swore that he had no money or personal property, listing only lands as belonging to him. Testator died December 31, 1936, and the inventory and appraisement filed showed that he had in sundry banks $3,169.62, and owned promissory notes aggregating $1,-033.20. The cashier of one of the banks testified that testator had an account with the bank at the time of his death; but on the objection of proponents that same was immaterial and irrelevant, his testimony as to the amount of the account was excluded. Appellants offered the application and testimony as to the amount of testator's bank deposits for consideration of the jury in passing upon the issues of mental capacity of testator to understand the nature and extent of his property and the nature and extent of his business at the time he executed his will and codicil. The testimony should have been admitted.

Our statute (Art. 8281, R.S.1925) provides that a person of "sound mind" may dispose of his property by will. The term "sound mind" is not defined in the statute, but court decisions have construed it to mean that a testator must have such mental capacity as will enable him to know his estate, the extent and value of the same, the persons who have claims upon his bounty, and as will enable him to make a rational survey of his estate and dispose of the same according to a fixed purpose of his own. 44 Tex.Jur. 556–562, and cases there cited. Under this definition the probate of a proposed will has been denied where the evidence showed that the testator did not know or understand the property he possessed. Brown v. Mitchell, 75 Tex. 9, 12 S.W. 606; Ara v. Bernhardt, Tex.Civ.App., 29 S.W.2d 867; In re Finklestein's Estate, Tex.Civ. App., 61 S.W.2d 590.

The sworn application of testator for a pension showed that he was either

Frank C. Dickey, of Ballinger, Swaim & Swaim, of Eden, and Frank Hartgraves, of Menard, for appellants.

Paul Petty, of Ballinger, and Critz & Woodward, of Coleman, for appellees.

BLAIR, Justice.

Appellants, several nieces and nephews of S. V. Payne, deceased, filed this proceeding to contest his will and the codicil thereto, and to annul the order of the county court probating them, alleging mental incapacity of testator to make the will and codicil. From an adverse judgment in the county court appellants appealed to the district court, where, on the trial,

practicing fraud upon the pension authorities, or that he did not know the nature and extent of his property. His will was made in October, 1936, the codicil, the sworn application for a pension, and his death all occurred in December, 1936. The jury had the right to consider the sworn testimony of testator made shortly after the execution of the will and codicil, wherein he stated that he had no money or personal property, as bearing upon the issue of whether testator had sufficient mental capacity to know the nature and extent of his estate. Indeed, the court properly charged the jury to determine the "testamentary capacity" of testator by considering, among other matters, whether he understood "the nature of the business he was engaged in, the nature and extent of his property, etc."

 Appellees contend that the error in excluding the aforementioned testimony should not reverse the case, because appellants failed to allege and prove that they were next of kin of testator, and entitled to inherit his estate if the probate of the will be denied on account of mental incapacity of testator. The trial court erroneously overruled the special exception of appellees to the petition, specifically pointing out that appellants had failed to allege facts showing that they were next of kin and entitled to inherit a part of the property. The evidence, though meager, may have been sufficient to show that at least one of the appellants was next of kin of testator. But since the trial court overruled the special exception to the pleadings, we are of the opinion that appellants can allege and prove their heirship and interest. If the pleadings and proof had shown as a matter of law that appellants were not next of kin of testator, then appellees would be correct in their contention that the judgment sustaining the will should be affirmed, notwithstanding the error in excluding the testimony aforementioned.

 The several attacks of appellants upon specific bequests or legacies are not determinable in this proceeding to contest the will because of mental incapacity of testator to make it. Several specific bequests are not attacked, but the entire will is attacked upon the ground of testamentary incapacity. In such situation the trial court correctly limited the trial to the one issue of mental incapacity of testator to execute the will and codicil.

The attacks made upon specific bequests or legacies are material only as bearing upon the issue of mental capacity of testator to make the will and codicil; because the validity or invalidity of such bequests or legacies can not be determined by the probate court, but only by a district court in a proceeding brought for that specific purpose. The rule is settled that on the application to probate a will, or in a suit to contest the will, the probate court cannot construe the will, because the matter of construction is within the exclusive jurisdiction of the district court after the will has been probated; and that a will properly executed is entitled to be probated even though some of its provisions are invalid or incapable of execution. R. S.1925, Art. 3433; Harris v. Harris' Estate, Tex.Civ.App., 276 S.W. 964; Prather v. McClelland, 76 Tex. 574, 13 S.W. 543; Thornton v. McReynolds, Tex.Civ.App., 156 S.W. 1144; Allday v. Cage, Tex.Civ.App., 148 S.W. 838; Brown v. Burke, Tex.Civ.App., 26 S.W.2d 415; Burton v. Connecticut Gen. Life Ins. Co., Tex.Civ.App., 72 S.W.2d 318 (writ ref.); 68 C.J. 883; Conoway v. Fulmer, 172 Ala. 283, 54 So. 624, 34 L.R.A.,N.S., 963, and annotations at pp. 965–970.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

Appellees request that we make additional findings of fact showing upon what we based our conclusion that the heirship of some of the appellants was sufficiently shown by the record, though the evidence was meager thereon.

 One of the appellants, Sam Jackson, testified that he was a nephew of testator,—"My mother was his sister * * full sister." Appellee objected to the testimony of Sam Jackson's wife with reference to transactions with deceased, as being violative of Art. 3716, and because Sam Jackson was a party plaintiff. Another witness testified that testator had some nieces and nephews, his sister's children, living near him. Mrs. Sam Jackson testified that Sam Jackson was the nephew of testator. His application for old age pension stated that his spouse was not living, and that he had no living children. Dr. T. Richard Sealy testified: "When he said he wanted to make a will, I asked him if he had any relatives that

he felt like would object, because I did not want to get into anything like that; that is the reason I did not want anything to do with it. He said he had some nephews and nieces, but that he had been good to them and felt like he had done what was right by them." The issue of heirship was raised only by exception to the pleadings; and since we are reversing the case upon the ground that testimony bearing upon the mental capacity of testator was improperly excluded, we think the testimony as to the relationship, or heirship, is sufficient to require the remanding of the cause instead of rendering it, in order that the ends of justice would be better served.

The motion for rehearing is overruled.

Overruled.