

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

**AUSTIN 11, TEXAS**

XXXXXXX XXXXXXXXXXXXXRD
ATTORNEY GENERAL

Honorable George H. Shepperd
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2936
Re: Application of the Texas Inheritance Tax Law to a situation where a will is contested and the contest is compromised; and then the will is probated subject to such compromise agreement.

We are in receipt of your letter of November 27, 1940, in which you refer to our Opinion No. 0-2851. In said opinion this department ruled where a will was probated and the same was then contested, which contest was compromised, that the entire amount received by the devisee under the will became subject to the payment of the Texas Inheritance Tax regardless of such compromise agreement. You are not concerned with the situation where under a like set of facts the will is probated but in the order of the court probating the will the same is probated subject to the compromise agreement.

In the case in question the county judge entered the following order:

| " No. 28,700 | ) | IN THE COUNTY |
| ESTATE OF G. W. BURKITT, JR. | ) | COURT OF HARRIS |
| DECEASED | ) | COUNTY, TEXAS |

"On this the 17th day of May, 1939, cam on to be heard the application of ELIZABETH E. CRENA, for the probate of the last will and testament of G.W. BURKITT, JR., DECEASED, dated the 25th day of July, 1925, and a codicil thereto dated the 18th day of July, 1931, and it appearing to the Court that due notice of said application has been given in the manner and for the length of time prescribed by law; and from the evidence it appearing to the Court that the Testator, at the respective times when he executed the said will and codicil, was at least twenty-one (21) years of age and was of sound mind, and that he is now dead, and it further appearing that said will and codicil, and each of the same, were executed by the said Testator, with the formalities and solemnities, and under the circumstances required by law to make said will and codicil a valid will, and that said Testator at the time of his death was a resident citizen of Harris County, Texas, and that he never revoked said will or codicil; and it furhter appearing that a contest of said application has been filed, and that the applicant and said

contestant have settled and compromised their differ-
ences, as appears by a copy of their compromise agree-
ment, dated May 15, 1939, hereto attached, marked
'Exhibit A,' and hereby referred to and made a part of
this decree for all purposes;

"IT IS ORDERED, ADJUDGED AND DECREED, that said
will and codicil, subject to the terms and provisions
of said Agreement, shall be and the same are hereby
admitted to probate as the last will and testament of
G. W. Burkitt, Jr., Deceased, and the Clerk is hereby
ordered to record said will and codicil, together with
the application for probate thereof, and the testimony
of the witnesses introduced for the purpose of estab-
lishing the same.

"It is further ordered, adjudged and decreed,
that said contest shall be and the same is hereby dis-
missed and the Clerk is directed to strike the same from
his files."

In effect, the above judgment of the probate court finds the
decedent as having had testamentary capacity and as having complied with
the law in the making of his will, and, therefore, the Judge ordered the
will probated and dismissed the contest. The Court ordered as follows:

"IT IS ORDERED, ADJUDGED AND DECREED, that said
will and codicil, subject to the terms and provisions
of said agreement, shall be and the same are hereby
admitted to probate. . . ."

The question in this case arises from the language used -- that the will
is probated subject to the terms and provisions of the compromise agree-
ment. It is our opinion, however, that such Decree amounts to no more than
the probating of the will as written and that the phrase "subject to the
terms and provisions of said Agreement," is of no effect and meaningless.
This is true because a probate court does not have the power or authority
to dispose of property under a will or to direct to whom the same shall
pass aside from either probating the will or refusing to probate same.

In the case of Clements vs. Maury, 110 S.W. 185, by the Court
of Civil Appeals of Texas, writ of error refused by the Supreme Court, the
Court stated as follows in this connection:

". . . The plaintiffs objected to the pro-
bation of the will upon the ground that it attempted
to dispose of their interest in the property in con-
troversy. When a sane person who has reached the
age of majority voluntarily, and without undue in-
fluence, makes a will in the manner prescribed by

law, such will is entitled to be probated, re-
gardless of its terms. What property it applies
to, and how such property shall be disposed of
are questions that cannot be adjudicated in a
proceeding to probate the will. Hence we hold
that the probate court, in the proceeding referred
to, in determining whether or not the will should
be probated, had no power to adjudicate the
plaintiff's interest in the property in controversy.
Especially wa such the case when the plaintiffs were
not claiming under the testator, and were asseting
title adverse to the will. The judgment probating
the will merely adjudicated the fact that the instru-
ment propounded as such was the last will and testa-
ment of W. J. Clements, and it did not adjudicate
any person's title to any particular property. . . ."

The Texarkana Court of Civil Appeals in the case of Ellsworth
vs. Aldrich, 295 S.W. 205, writ of error refused by the Supreme  Court,
further elucidated on the province of a probate court as follows:

". . . In a proceeding to probate a will the court
is limited to these inquiries:  Is the instrument prop-
erly executed?  Is it the last will of the testator?
If these are proved, it is the duty of the court to or-
der the instrument probated.  In passing upon an appli-
cation to probate a will, the court has no authority
to construe the will or to give effect to prior con-
tracts to make devises of property.  A judgment probat-
ing a will merely determines that the instrument is the
last will of the teatator, without reference to the
right of the latter to devise the property he under-
takes to dispose of.  . . ."

In this same connection, the Supreme Court of Texas, in the
case of the Masterson vs. Harris, 174 S.W. 570,  stated as follows:

". . . An action to probate a will is generally
recognized as a proceeding in rem.  The judgment of
probate is therefore, as a rule, binding upon all the
world until revoked or set aside.  Steele v. Renn, 50
Tex. 467, 32 Am. Rep. 605; Connolly v. Connolly, 32
Grat. (Va) 657; Brock's Adm'r. v. Frank, 51 Ala. 85;
Black on Judgments, Sec. 635.  The reason of this rule
is that the issues in the proceeding are simply the com-
petency of the testator to make a will, and whether the
instrument propounded for probate is his will.  The
judgment is not for or against any person, but deter-

mines the status of the subject-matter of the pro-
ceeding; and when it duly establishes the instru-
ment as the will, it is conclusive upon everybody."

In our case, in so far as the probate judge may have attempted
to read the compromise agreement into the will itself, such language is of
no force and effect. The case of Burton vs. Connecticut General Life Insur-
ance Company, 72 S.W. (2d) 318, by the Fort Worth Court of Civil Appeals,
writ of error refused by the Supreme Court, is authority for the proposition
that any order of the probate court vesting title in the property inherited
by the devisees is void and subject to collateral attack. The court stated
as follows:

"(3) 28 Ruling Case Law, p. 377, section 379, reads:
'The function of a probate court when a will is propound-
ed for probate are limited to inquiring and determining
whether or not the instrument presented to it as the last
will of the decedent was executed by him in the manner
prescribed by statute, and when he was legally competent
to execute it, and free from duress, menace, fraud and
undue influence. Questions as to the property rights of
devisees, legatees, heirs and others which might arise
out of a construction of the terms of a will are not to
be determined in a proceeding for the probate of a will,
and therefore the mere probating of a will is not final
and conclusive as to the construction of the instrument.
. . .

". . . Hence those orders of the probate court were
coid as to the title inherited by the plaintiffs from their
mother, and therefore subject to collateral attack. . . ."

A like rule of law was announced by the San Antonio Court of
Civil Appeals in the case of Laborde vs. First State Bank and Trust Company,
of Rio Grande City, 101 S.W. (2d) 389, writ of error refused by the Supreme
Court. The court stated as follows:

". . . We hold, however, that the conclusion
expressed in the order of probate, that the codicil
in connection with the will, 'passes title to' the
testator's widow, 'to all of the property of the
testator therein described, and especially passes
title to said testator Francois Laborde's community
interest therein to the applicant (the widow), the
said Eva Marks Laborde, absolutely, in fee simple
and forever, ' was ineffectual to construe that in-
strument to the extent of adjudicating the title to
the estate therein devised. Chatham Phenix Nat. Bank
& Trust Co. v. Hiatt (Tex. Civ. App. writ ref.) 78 S.W.
(2d) 1105, and authorities cited."

There are numerous cases in this State which discuss the province of the probate court and hold that such court does not have authority to construe the will but the court's authority is only as to the proposition of whether the will should be probated or not. See Allday vs. Cage, 148 S.W. 838; Brown vs. Burke, 26 S.W. (2d) 415; Harris vs. Harris' Estate, 275 S.W. 964; Combs vs. Howard, 131 S.W. (2d) 206; and McNalley vs. Sealy, 122 S.W. (2d) 330, writ of error dismissed by the Supreme Court.

A situation very similar to the one you present confronted the Commission of Appeals in the case of Pierce vs. Foreign Mission Boards of Southern Baptist Convention, 235 S.W. 552. In that case the county court ordered the will probated and a suit was then filed in said court to vacate such order. The court rendered judgment refusing to do so. Appeal was taken to the District Court. In said court a compromise agreement was filed/in accordance with the terms of such agreement the district court rendered judgment probating the will and denying the contest. The judgment, however, went further and embodied the terms of the compromise agreement, therein, which terms in effect varied the terms of the will as written. The court held that the district court had only appellate jurisdiction in this case and that the court's jurisdiction in the case was only co-extensive with the jurisdiction of the county court in the matter. The court stated as follows:

"... The controlling question in this case, as we view it, is whether or not the district court had jurisdiction to render the agreed judgment it did render. We think the district court was without such jurisdiction, and that the judgment so entered was void. The jurisdiction of district courts in the administration of estates of deceased persons is appellate only. All persons interested in the administration of an estate have the right to appeal to the district court from an order of the county court made in such administration. Upon such appeal the issues involved in the order or action of the court appealed from will be tried de novo in the district court, but the latter's jurisdiction over the administration extends only to the determination of the questions presented by the appeal; that is to say, the case must remain in the district court the same suit it was in the county court, for, the jurisdiction of the former in the matter being appellate only, it cannot be extended beyond that of the county court. ...

"... It is elementary that jurisdiction cannot be conferred by consent or agreement of the parties. ...

Hon. George H. Shepperd, Page 6 (O-2936)

"... As a matter of fact, the judgment was not
consistent in its parts. It provided that the will
should be admitted to probate and certified the same
to the county court for observance. Then, in the very
next breath, the judgment annulled practically every
provision of that very will and took the administration
of the estate out of the hands of those named in the
will as executors and placed it in the hands of receiv-
ers to be appointed by the district court and responsi-
ble to it. The net result of the judgment was to trans-
fer the permanent administration of the estate indefinite-
ly from the county court to the district court. For the
many reasons stated, we are clearly of the view that the
district court was without jurisdiction to render the
judgment it did render.

"we are not unmindful of the fact that adverse claim-
ants under a will to the property of the testator frequent-
ly compromise their differences with respect to it, while
the probate of the will is an issue in a court of compe-
tent jurisdiction. A will is also frequently probated
originally by the county court as a result of certain out-
side agreements. The latter agreements often necessitate
resort to district courts. When that is true, an original
proceeding can be brought there, and under proper pleadings,
the issue can be adjudicated there. This is true, even
though probate matters may be incidentally in issue. As
one illustration, we know that in ordinary trespass to try
title cases originally brought in district courts it is
frequently true that the judgment to be rendered depends
upon the proper construction of a will long before probated
in a county court.

"Being of the view that the judgment in question was
not within the jurisdiction of the district court, and
therefore void, we do not think it necessary to consider
the other ruling of the Court of Civil Appeals...."

It is the opinion of this department that in the case you present
the order of the county judge is one which has the effect of probating the will
as written and also has the effect of dismissing the contest of the same. You
are therefore advised that the Texas Inheritance Tax should be applied against
the estate in accordance with the terms of the will as written and that any
disposition of the property either by compromise or otherwise is ineffectual
for such tax purpose.

Yours very truly

BG:EP:egw
APPROVED DEC 6, 1940
/s/ R. W. Fairchild
Acting ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS
By /s/ Billy Goldberg
Assistant