BURTON et al. v. CONNECTICUT GENERAL LIFE INS. CO. et al.

No. 12929.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 24, 1934.

Rehearing Denied May 4, 1934.

Cook & Cook, of Vernon, and Mike E. Smith, of Fort Worth, for appellants.

Polk & Sansom and Baylor B. Brown, both of Fort Worth, and Dilworth & Marshall, of San Antonio, for appellees.

DUNKLIN, Justice.

Frederick C. Burton and George E. Burton, who will hereinafter be designated as plaintiffs, instituted this suit by a next friend against their father, J. E. Burton, and the Connecticut General Life Insurance Company and Robert Sansom, in trespass to try title to recover an undivided one-fourth interest in lots 16 and 17 and a part of lot 18, all in block B-1, Daggett's addition to the city of Fort Worth, alleged to have been inherited from their mother, Mrs. Lillie Louise Burton, deceased.

The petition included a further pleading attacking as void a deed of trust on the property, dated April 17, 1928, in favor of the Connecticut General Life Insurance Company, executed by J. E. Burton after the death of his wife, Mrs. Lillie Louise Burton, and after the probate of her last will and testament, in so far as said instrument purported to give a lien upon plaintiffs' undivided one-fourth interest in the property. The basis of that attack was that plaintiffs were born after the execution of their mother's said will, which, by its terms, pretermitted them from participating in that particular property, and therefore they inherited the undivided one-fourth interest in the property by virtue of the provisions of article 8292, Rev. Civ. Statutes, which, before its amendment by the Acts of the 42d Legislature in 1931, c. 196, read as follows: "If a testator having a child or children born at the time of making his last will and testament, shall at his death,

leave a child or children born after the making of such last will and testament, the child or children so after born and pretermitted shall, unless provided for by settlement, succeed to the same portion of the father's estate as they would have been entitled to if the father had died intestate; toward raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by such last will and testament, in the same manner as is provided in Article 8291."

Plaintiffs' suit against J. E. Burton was against him individually and as independent executor of the last will and testament of Mrs. Lillie Louise Burton; and it included also a claim for funds belonging to the plaintiffs and collected and converted by their father after the death of their mother, Mrs. Lillie Louise Burton, with a prayer for a partition of the property between them and J. E. Burton; requiring of him an accounting for money collected by him and belonging to the plaintiffs, coupled with allegations that the same aggregated more than the value of J. E. Burton's interest in the property, by reason of which J. E. Burton's interest in the property should be decreed to belong to the plaintiff; or, in the alternative, should be impressed with an equitable lien to secure the amount so owing to the plaintiffs.

The suit against Robert Sansom was against him as substitute trustee, appointed in place of Zeno C. Ross, named as the original trustee, and upon application of the plaintiffs, Sansom was enjoined from selling the property under that instrument during the pendency of the suit.

The note executed by J. E. Burton to the Connecticut General Life Insurance Company was for the principal sum of $60,000, and the insurance company by way of cross-action sought a personal judgment against him for the balance remaining unpaid on the note with a foreclosure of the mortgage lien upon the property as against himself and the plaintiffs also. It further alleged that a part of the money so advanced to J. E. Burton was applied to take up a mortgage lien on the property theretofore executed by J. E. Burton and his wife, Mrs. Lillie Louise Burton, by reason of which the insurance company claimed it was subrogated to that lien in addition to that evidenced by the deed of trust. The insurance company also claimed a lien on the property against the plaintiffs and J. E. Burton individually and as executor for money borrowed under order of the court by the receiver appointed during the pendency of the suit for the purpose of paying taxes which had accrued on the property in controversy; and it sought a personal judgment against J. E. Burton individually and in his representative capacity for the amount so advanced for such taxes.

The will of Mrs. Lillie Louise Burton reads as follows:

"State of Texas, County of Tarrant:

"Know All Men by These Presents:

"That I, Lillie Louise Burton, of Tarrant County, Texas, being of sound mind and memory, knowing the uncertainty of life and the certainty of death, do make this my last will and testament, hereby revoking all other wills heretofore made.

"1st: I desire that all my just debts be paid, if any.

"2nd: I give, devise and bequeath to my beloved husband, James E. Burton, all my estate, both real and personal and mixed, in fee simple.

"3rd: I desire and it is my wish that no action be taken in the County Court with reference to my said estate save the filing of an inventory and appraisement and a list of claims against same.

"4th: And I hereby give and bequeath to my said husband full power to sell, mortgage and dispose of any and all of my estate as he may see fit.

"5th: I hereby appoint and name my said husband, James E. Burton, executor of my estate without bond of any kind.

"Witness my hand this the 27th day of January, 1912.

"Lillie Louise Burton."

In a further pleading, the insurance company challenged the jurisdiction of the district court to hear and determine the collateral attack made by plaintiffs upon the deed of trust in controversy, since a judgment of that court sustaining such attack would necessarily amount to an annulment in part of the order of the county court admitting the will to probate; that the county court in which the will was probated was vested with exclusive jurisdiction to determine that issue, and that, too, only in a direct proceeding instituted for that purpose.

The insurance company further invoked the doctrine of innocent purchaser, upon allegations that it acquired its mortgage from J. E. Burton who held the apparent fee simple title to the property, and that the insurance company made the loan to him in good faith for a valuable consideration and without notice of the claim now asserted by the plaintiffs.

The court rendered judgment as follows: In favor of the insurance company against the defendant J. E. Burton, individually and as independent executor of the estate of Lillie Louise Burton, deceased, for an aggregate of $74,831.15, and establishing a prior lien on all the property in controversy for $58,027.36 as against all other parties to the suit; in favor of plaintiffs for an undivided one-fourth interest in the property in controversy, subject to the lien just recited; in favor of plaintiffs against defendant J. E. Burton, for $31,652.68 and for one-third of the income and revenue hereafter to accrue on the property during the life of J. E. Burton; in favor of defendant J. E. Burton for an undivided three-fourths of the property in controversy subject to the lien decreed to the insurance company; decreeing that the property in controversy is not susceptible of partition and ordering the receiver to sell it at public auction and distribute the proceeds of the sale among the parties according to their rights as shown by the judgment.

All parties excepted to the judgment so rendered and gave notice of appeal. The plaintiffs have prosecuted this appeal, and the insurance company has filed cross-assignments of error. The defendant J. E. Burton has not appealed.

The record shows that four children were born to Mrs. Lillie Louise Burton and J. E. Burton, two of whom were living at the time her will was executed, to wit, January 27, 1912; and the other two children, plaintiffs Frederick C. Burton and George E. Burton, were born after the will was executed and were pretermitted by the will from sharing in her half interest in the property which she had acquired by inheritance from her father.

Mrs. Lillie Louise Burton died July 28, 1919, and the will was admitted to probate in the county court of Tarrant county upon the application of J. E. Burton on September 19, 1919. For some reason not apparent, another order of the county court was made on July 6, 1923, upon another application of J. E. Burton, and the will was again admitted to probate. J. E. Burton duly qualified as independent executor under both of those orders of probate by filing the oath required by the statutes and by returning an inventory and appraisement as required by the statutes. In both inventories returned by the executor, and which were duly approved by orders of the county court and entered of record in the minutes of the court, an undivided half interest in the property in controversy was listed as property belonging to the separate estate of Mrs. Lillie Louise Burton, deceased, and appraised at $5,000. Neither of the orders admitting the will to probate and approving the inventories and appraisements have ever been set aside.

Mrs. Lillie Louise Burton left other property, than that in controversy, to her husband, consisting of real estate and personal property listed in the inventory and appraised at an aggregate of more than $18,000. Ever since J. E. Burton filed the oath of office and returned the inventory and appraisement referred to, he has been in possession and claimed title to the undivided half interest in the property in controversy owned by his wife at the date of her death. When Mrs. Burton died, her brother, A. G. Rintleman, owned an undivided interest in the property in controversy, and on March 18, 1926, he sold the same to J. E. Burton, who is the present owner. The note and deed of trust executed by J. E. Burton to the Connecticut General Life Insurance Company bore date August 17, 1928.

As found by the trial court, the major portion of the $60,000 borrowed from the insurance company was used for the purpose of taking up prior liens for money borrowed, improvements made, and taxes due on the property, and the evidence was sufficient to support that finding.

During the pendency of the suit the insurance company advanced to the receiver $5,092.46, which was used to discharge taxes on the property; the money so borrowed by the receiver was under an order of the court authorizing him so to do, and a lien therefor was decreed.

It is undisputed that the half interest in the property in suit was the separate property of Mrs. Lillie Louise Burton at the date of her death. And upon her death one-half of that interest, which was one-fourth of the whole, passed to plaintiffs, subject to a life estate of one-third interest therein in favor of their father, J. E. Burton, under the provisions of articles 2571 and 8292, Rev. Civ. Statutes.

By the terms of article 8292, Rev. Civ. Statutes, the will could not be given effect to dispose of plaintiffs' interest in the property. The probate court, although vested with general probate jurisdiction by article 3290, Rev. Civ. Statutes, was without jurisdiction to determine the issue of title to the property devised, and its order admitting the will to probate and approving the inventory and empowering the executor to mortgage the property did not affect plaintiffs' title.

322

28 Ruling Case Law, p. 377, § 379, reads: "The functions of a probate court when a will is propounded for probate are limited to inquiring and determining whether or not the instrument presented to it as the last will of the decedent was executed by him in the manner prescribed by statute, and when he was legally competent to execute it, and free from duress, menace, fraud and undue influence. Questions as to the property rights of devisees, legatees, heirs, and others which might arise out of a construction of the terms of a will are not to be determined in a proceeding for the probate of a will, and therefore the mere probating of a will is not final and conclusive as to the construction of the instrument. The validity of particular testamentary gifts contained in the will are not involved in the proceedings, and the orphans' court in admitting to probate the will of a married woman, disposing of her separate property, does not decide upon the right of disposal, but merely the factum of the instrument. Nor is the question of ownership by the testator of property claimed to belong to his estate involved in or determined by the probate of his will. Since the admission of a will to probate decides nothing but its due execution and publication the rights of one claiming a share of the estate on the ground that he is not mentioned in the will are not concluded by such decree."

Hence those orders of the probate court were void as to the title inherited by plaintiffs from their mother, and therefore subject to collateral attack. Especially so, in view of the fact that there was neither pleading nor evidence in the probate court when the will was probated that the plaintiffs were born after the execution of the will and, therefore, inherited the property claimed herein independently of the will which pretermitted them from claiming thereunder. Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916, and authorities there cited in an exhaustive opinion by Chief Justice Cureton.

And since the will, in so far as it purported to devise to J. E. Burton the interest in the land which plaintiffs inherited from their mother, the testatrix, was void, and since the probate court was without jurisdiction to vitalize it by admitting it to probate, the insurance company's defense of innocent lienholder for valuable consideration and without notice of plaintiffs' title is without merit. The decision last cited is ample support for this conclusion; especially so, since presumptions indulged in favor of the valid-

ity of judgments as a matter of public policy which was given effect in Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, do not apply in favor of deeds or wills.

In Patty v. Middleton, 82 Tex. 586, 17 S. W. 909, 911, the community interest of a mother in real estate which passed by inheritance to her children was lost to an innocent purchaser claiming through a deed from the surviving husband who had taken a deed to the property in his name during the life of his wife; the court holding that such a deed was such evidence of title as would support the defense of innocent purchaser, and saying in part: "The question is not one of real beneficial ownership or of superior right, but of apparent ownership, evidenced as the law requires ownership to be."

In Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430, L. R. A. 1916F, 583, it was held that a purchaser of land from a mother holding a deed thereto acquired the equitable title of her children resulting from the use by the mother of funds belonging to them in the purchase of the land. Those cases, which to our minds are the strongest of those relied on by the insurance company, are distinguishable from the Cline Case and from the present suit, in that the taking of the deeds involved in those cases, and on which the defense of innocent purchaser rested, was only voidable, while in the Cline Case the order of the probate court, on which the defense of innocent purchaser relied, was absolutely void; and by the provisions of article 8202, Rev. Civ. Statutes, the devise to J. E. Burton of plaintiffs' interest inherited from their mother was forbidden and, therefore, was likewise void. But whether or not the distinction thus drawn is warranted, it is our conclusion that the decision in the Cline Case is controlling in this case.

We are unable to disturb the right decreed to the insurance company of subrogation arising from the use made of funds loaned to J. E. Burton. The facts upon which the right of subrogation was based are recited in the judgment with the conclusion reached thereon, and we overrule the attack made thereon as unsupported by the evidence.

In their pleadings plaintiffs prayed for a partition of the property in which they inherited an undivided one-fourth interest between them and J. E. Burton, and by way of an adjustment of the equities between them and J. E. Burton, for a decree setting apart to them defendant Burton's three-

fourths' interest additional to the one-fourth inherited from their mother.

Plaintiffs alleged that the, defendant J. E. Burton had taken charge of all of the property inherited by them from their mother, including some not involved in this suit, and had converted the same and the rents and revenues therefrom to his own 'use, the value of all of which exceeded the value of J. E. Burton's interest in the property in suit; and they have pointed out in their briefs filed here evidence, consisting in part of the account rendered by J. E. Burton and filed with the pleadings in the trial court, which supports those allegations, together with the further statement that such evidence was not controverted by any other evidence. And they now pray that judgment of the trial court be so reformed as to decree full title in them to the property in, suit, including the interest they inherited from their mother, and the remaining three-fourths' interest owned by J. E. Burton in his own right.

By rule 31 for the Courts of Civil Appeals, it is provided that any statement from the record made in the briefs by one of the parties to the appeal which is not distinctly challenged by the opposing party may be accepted by the court as correct. In accordance with that rule, the statements from the record in the briefs for the plaintiffs, referred to above, which have not been challenged by J. E. Burton, must be accepted as correct. We therefore conclude that the prayer for a reformation of the judgment in the respects noted should be granted by way of an adjustment of the equities between the parties; and it is so ordered. Nor was plaintiffs' right to that relief waived by a prayer in the alternative for a decree of equitable lien on defendant's interest in the property for the amount owing to plaintiffs by reason of such conversion. Article 6086, Rev. Civ. Statutes; International & G. N. Ry. Co. v. Sein, 89 Tex. 63, 33 S. W. 215, 558; Stuart v. Teagarden (Tex. Civ. App.) 193 S. W. 416; Campbell v. Campbell (Tex. Civ. App.) 145 S. W. 638; 11 Ruling Case. Law, § 308, p. 270.

For the reasons noted, the judgment of the trial court is so reformed as to allow plaintiffs a recovery against defendant J. E. Burton of title to, lots 16 and 17 and a part of lot 18, in block B-1, Daggett's addition to the city of Fort Worth; including the undivided one-fourth interest inherited by plaintiffs from their mother and the three-fourths' interest owned by J. E. Burton; and further awarding to the Connecticut General Life Insurance Company a personal judgment against J. E. Burton for the sum of $74,831.- 15, with interest thereon and cost of suit as recited in the judgment, with foreclosure of lien therefor against plaintiffs and J. E. Burton on an undivided three-fourths' interest in the property in suit. And for foreclosure of lien for any balance remaining unpaid after exhausting that security for an amount not in excess of one-fourth of $58,027.36, and interest thereon as stipulated in the judgment, on the one-fourth interest in the property inherited by plaintiffs from their mother; said sum of $58,027.36 being the amount for which the trial court decreed a lien on the entire property as shown in the judgment. All other provisions in said judgment which are inconsistent with the judgment of the trial court as so reformed will hereby be eliminated therefrom; and as so reformed the judgment of the trial court is affirmed. Costs of appeal are taxed against the appellants.