COLE et al. v. HOUSTON et al.

No. 14243.

Court of Civil Appeals of Texas.
Fort Worth.

May 23, 1941.

Rehearing Denied June 20, 1941.

W. L. Coley, of Fort Worth, for appellants.

Walter A. Nelson, of Fort Worth, for appellees.

BROWN, Justice.

F. T. Cole and Annie M. Cole, husband and wife, were childless, and on March 16, 1912, undertook to adopt an infant girl that had been placed in the Cole home by Texas Children's Home and Aid Society.

The instrument, properly executed by the Coles and filed for record, as was required, reads as follows: "That we F. T. Cole and wife Annie M. Cole of the County and State aforesaid, hereby adopt a baby girl named 'Geraldine' an orphan child now in my home, placed there by the Texas Children's Home and Aid Society. Said child to hereafter be known as Margaret Frances Cole. We adopt said child under the laws of the State of Texas, and pledge ourselves to be to said child kind and affectionate parents and to accord to it all the opportunities in life that our means and standing entitle it to. We pledge ourselves to be to said child the same parents as if it was our child by nature, and to see that its intellectual and moral training is well cared for. The said child shall share our property as provided by the laws of Texas. Witness our hands this 16th day of March, 1912."

After the execution of the above quoted instrument, the child lived with the Coles until she was practically grown and married.

On July 12, 1935, Annie Cole purported to execute a will with the following provisions: "I give, bequeath and will to my married daughter-in-law, Francis Piant, the sum of Five Dollars only, as I have specially hereinbefore provided her and given her liberally for her in other ways."

It is evident that this paragraph of the will refers to the adopted daughter Frances, and it is so understood by all concerned.

There is nothing in the will that deals with or concerns Frances except the quoted paragraph.

The will next purports to give the testatrix's husband a life estate in all of her property, with express provision that the surviving husband cannot sell or in any manner incumber such devised estate, with remainder in fee simple to the testatrix's two nephews, Seibert and Willie Houston, who are nominated as independent executors, but who are expressly denied the right to dispose of or incumber the estate until after the death of the surviving husband.

Mrs. Cole died on or about June 10, 1940, and Seibert Houston and Willie Houston produced the above purported will and offered same for probate. The surviving husband, F. T. Cole, objected to the probate of such purported will by pleading specifically the adoption deed, by denying that Annie Cole had any separate estate, by alleging mental incapacity to make such will and alleging undue influence, and asserting Cole's right to administer upon the property as the community property of himself and his deceased wife.

The surviving adopted daughter contested the probate of the purported will, particularly upon the theory that the deed of adoption estops Annie Cole from depriving her of her lawful share of the estate of Annie Cole, by the execution of such purported will.

The contestant insists that the language used in the deed of adoption constitutes in law a contract whereby Mrs. Cole could not defeat her right of inheritance through the instrumentality of a will.

The will was admitted to probate by the County Court of Tarrant County, the contests denied, the Houstons were appointed independent executors and appraisers were appointed by the court.

From this order an appeal was taken to the 48th District Court of Tarrant County, and the contest was heard by the court without the assistance of a jury.

The judgment of the district court finds the will to be a valid instrument and admits same to probate; such judgment then finds that the real estate described in the judgment is "community property" and that $4,000 of the separate estate of Annie Cole went into such property and improvements, and the judgment next finds that 4000/9250 of the said real estate and improvements is the separate estate of Annie M. Cole, and that 5250/9250 of same is the "community estate" of the said parties.

The judgment next finds that the monies invested in the name of Annie M. Cole in the post office at Fort Worth, to-wit, $2,075, is likewise "community property" of the parties.

The judgment next directs the executors to collect the said $2,075, then to pay over one-half thereof to F. T. Cole, and directs the Houstons to take the other one-half and out of such sum to pay the funeral expenses and the cost of the grave marker over her grave—all amounting to $686— and directing them to then deliver the balance of such sum to F. T. Cole, after the payment of the costs of administration of the estate, for his use as a portion of his life estate.

The judgment finds that the deed of adoption only served to make Frances an adopted child, and that such instrument does not estop Annie Cole from disposing of her properties by the will. The two contestants have appealed.

There is nothing in the pleadings or the evidence to disclose that the adopted daughter is now suffering under the disabilities of coverture, and since no such issue was raised by the pleadings or the proof, we are not called upon to discuss the matter of whether or not all necessary parties were before the court.

When the Coles solemnly executed the deed of adoption, they did so under the Statute enacted in 1850, Rev.St.1879, art. 1, Vernon's Ann.Civ.St. art. 42, which simply provided: "Any person wishing to adopt another as his legal heir shall file in the office of the county clerk of the county in which he resides a written statement signed by him and duly authenticated or acknowledged as deeds are required to be, reciting in substance that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office."

Our Supreme Court, in Cheney v. Coffey, 131 Tex. 212, 113 S.W.2d 162, 114 S.W.2d 533, has held that a contract to adopt or to take a child as an heir, although made with a third person for the benefit of the child, is enforceable by the child.

We believe it to be our duty to construe the language used by the adopters liberally and in favor of the adopted child. When the deed of adoption recited that: "We adopt said child under the laws of the State of Texas, and pledge ourselves to be to said child kind and affectionate parents and to accord to it all of the opportunities in life that our means and standing entitle it to. We pledge ourselves to be to said child the same parents as if it was our child by nature, and to see that its intellectual and moral training is well cared for", and having preceded these words and pledges by saying, "That we * * *' hereby adopt a baby girl named 'Geraldine' an orphan child now in my home, placed there by the Texas Children's Home and Aid Society", such language was all that was necessary to constitute a legal adoption and to make the child an heir at law.

There was then no necessity for the last separate and distinct sentence that was used by the adopters, and the language in such portion of the deed of adoption must be given some effect.

The words, "The said child shall share our property as provided by the laws of Texas", in our opinion, carry a greater meaning than the mere making of the child an heir at law.

These words, to our way of thinking, mean that the adopters have pledged themselves to see to it that this adopted child shall take such share of the adopters' property, on hand at the time of the demise of either, or both, as the child would take under the laws of descent and distribution then in force.

In 2 C.J.S., Adoption of Children, page 448, § 56, the doctrine is announced that adoption does not deprive the adopting parent of the power of disposing of his property by a later will to the exclusion of the adopted child; but that the power to dispose of property to the exclusion of the adopted child may be lost due to a valid contract which stipulates that the adopted child shall have a share of the adopters' property.

In 1 Tex.Jur., p. 742, para. 33, speaking of the effectiveness of a deed of adoption, it is said: The instrument like a deed, becoming effective upon execution and filing, the right conferred becomes immediately vested in the beneficiary and no right of revocation remains with the adopter."

This text is quoted in Eck v. Eck, Tex. Civ.App., 145 S.W.2d 231, 233, writ dismissed, correct judgment.

In the case of Cubley et al. v. Barbee et al., 123 Tex. 411, 73 S.W.2d 72, Supreme Court of Texas, it appears that the adoption instrument was much like the one before us. In that suit the Supreme Court enforced the provision that the child should share in the adopters' estate, but limited the share to that portion the child would receive under the laws of descent and distribution.

In the instant suit the deed of adoption specifically limits the share that is contracted to go to the adopted child to whatever portion the child would take under the laws of descent and distribution in force at the time of the death of the adopting parent.

In Quinn v. Quinn, 5 S.D. 328, 58 N.W. 808, 49 Am.St.Rep. p. 875, it is held that one who adopts a child by legal proceedings, and, in order to induce the child's mother

to consent to such adoption, orally agrees that the child shall be entitled to a share of the adopter's property, cannot deprive such child of his rights as such heir by fraudulently and without consideration disposing of his property in his lifetime or by will for that purpose, after the child has performed his part of the contract and remained in the adopter's family until he has obtained his majority.

In the instant suit we are not relegated to an oral contract; the deed of adoption specifically provides that the child shall share the adopters' property.

The child in the instant suit was taken from a foundlings' home, where those in charge stand in ·loco parentis, and who placed the child in the adopters' home and agreed to the adoption, under the circumstances and for the consideration expressed in the deed of adoption.

■ In our opinion, the will of Annie M. Cole is void as to the said adopted daughter, who has contested its probate. The will being void, it follows that the surviving husband has the right to qualify as community survivor of the community estate, and he would be given the preference in qualifying as administrator of the separate estate of the deceased wife.

As we view this case, there was nothing before the district court except the validity of Annie M. Cole's will. No other issue could be raised or passed upon by the district court.

■ The probate court did no more than to admit the will to probate. It made no attempt to administer upon the estate, and from its orders the appeal was taken to the district court.

■ We hold that the district court had no authority to allow any claim against the estates, either the separate or community estate, belonging to the decedent. That matter must first be passed upon by the probate court before the jurisdiction of the district court may be invoked, and then only from an order allowing or refusing to allow a claim.

The judgment of the district court and that of the county court admitting the will to probate are reversed, and judgment is here entered avoiding and holding for naught the will of Annie M. Cole. The judgment of the district court which attempts to adjudicate the property rights as between the parties to this suit, and allowing the claim for funeral expenses and a marker for the deceased's grave, is reversed, with instructions to dismiss the same.

Reversed and rendered in part, and reversed and dismissed in part.