SEIBERT HUSTON ET AL V. F. T. COLE ET AL.

No. 7891. Decided May 20, 1942.
(162 S. W., 2d Series, 404.)

*Walter A. Nelson,* of Fort Worth, for plaintiff in error.

It was error for the court to hold that the instrument signed by the Coles purporting to be an adoption, amounted to a contract which precluded the making of a valid will. Cubley v. Barbee, 123 Texas 411, 73 S. W. (2d) 72; Cheney v. Coffey, 131 Texas 212, 113 S. W. (2d) 162; 2 C. J. S. 375; Legate v. Legate, 87 Texas 248, 238 S. W. 281.

*W. L. Coley, G. O. Bateman* and *Simon & Wynn,* all of Fort Worth, for defendants in error.

The contract between the Coles and the adopted daughter was sufficient to prevent the devisees to seek the probate of a will made by the Coles or either of them. Jordan v. Abney, 97 Texas 296; Quinn v. Quinn, 49 Am. St. Rep., 875; 2 C. J. S. 448.

*Arnold & Cozby,* of San Antonio, filed brief as amicus curiae.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

On March 16, 1912, Respondent F. T. Cole and his wife, Annie M. Cole, adopted Respondent Mrs. Frances Garner, then eleven months old. The adoption was under the old practice of recorded instruments as prescribed by Art. 42, R. S. 1925, enacted in 1850. In the main, the instrument was in conventional form, except that the last sentence was as follows: "The said child shall share our property as provided by the laws of Texas." In the year 1940, Mrs. Cole died leaving a will, in which she bequeathed to Mrs. Garner five dollars with the explanation that the latter had been otherwise provided for.

Petitioners Seibert Huston and Willie Huston, named in Mrs. Cole's will as executors thereof, duly filed the same for probate. In contest of their application, Mrs. Garner filed a pleading in which she "objected" to, and "protested" against, the probating of said will, setting out as grounds therefor her adoption by the Coles and alleging that the will was null and void because it was not within the power of Mrs. Cole to dispose of her property by will for the reason that under the aforesaid instrument of adoption she had agreed that title to all her property sould vest in Mrs. Garner when Mrs. Cole died. This was the only objection raised by Mrs. Garner to the application. The probate court found against her contention as did the district court on appeal. The Court of Civil Appeals held that the provision in the instrument of adoption above quoted amounted to an irrevocable contract by Mrs. Cole with Mrs. Garner and that, therefore, Mrs. Cole's will was void as to her. 152 S. W. (2d) 522.

■■ At the outset we are confronted by a fundamental question of jurisdiction which, unless it was presented by a general demurrer to Mrs. Garner's contest, was raised nowhere along the course of this lawsuit from its inception in the probate court until an *amicus curia* brief was filed in the Supreme Court on the day this appeal was argued before us. And if the question presents error the same is also fundamental. When a will is offered for probate, can it be contested on the ground that property affected thereby is not a part of the estate of the deceased but belongs to contestant by virtue of a contract made between contestant and testatrix during the latter's lifetime? Clearly it cannot. With respect to an application to probate a will, the court has only to determine whether the instrument tendered is the last will of the deceased; that is, whether it had been revoked, whether it was executed in the manner and under the conditions required by law, and whether the

maker had testamentary capacity and was not under undue influence (if raised) when it was executed. In doing this it has no jurisdiction to construe the will or to pass judgment on alleged prior contracts to make devises of property. Its authority is limited to the determination of the issue as to whether the instrument in question is the last will of the deceased, and such it must do without regard to the right of the deceased to devise and bequeath the property she undertakes thereby to dispose of. Masterson v. Harris, 107 Texas 73, 174 S. W., 570; Ellsworth v. Aldrich et al. (Civ. App.), 295 S. W., 206 (er. ref.) ; Burton et al v. Conn. General Life Ins. Co. et al (Civ. App.), 72 S. W. (2d) 318 (er. ref.) ; Combs v. Howard (Civ. App.), 131 S. W. (2d) 206; 28 R. C. L., p. 377, sec. 379; Texas Digest, Wills, Key 215.

■ The probate court being without jurisdiction to pass on the question raised by Mrs. Garner, the district court had none on appeal, its jurisdiction being limited to such as the probate court could properly have exercised. Ellsworth v. Aldrich, supra; Brown v. Fleming (Com. App.), 212 S. W., 483; Stewart et al v. Moore et al (Com. App.), 291 S. W. 886.

■ It follows that (1) the judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court admitting the will of Mrs. Cole to probate, is reversed and the judgment of the district court, in that respect, is affirmed; (2) the contest filed by respondent, Mrs. Garner, is dismissed without prejudice, however, to her right to file a proper suit in the district court to fix her title and interest, if any, in the estate of Mrs. Cole.

Respondent F. T. Cole, surviving husband of the deceased, filed his "objections and protest" to the application of petitioners Huston for probate of the will on the grounds (1) that deceased owned no personal property; (2) that all property, real and personal, that he and Mrs. Cole owned was community, for which reason his application for community survivorship on their estate that day filed took precedence over the application for probate; (3) that he and Mrs. Cole were childless and had adopted Mrs. Garner as alleged by her; (4) that Mrs. Cole was not of testamentary capacity when she executed the will; (5) that she was under the undue influence of the Hustons when she executed it; and (6) that since all the property was given to him for life it was his duty as community administrator to administer the estate. He followed

these allegations with a prayer that the court annul Mrs. Cole's will "in toto," or, in the alternative, that it annul that part appointing the Hustons as executors.

■ Although Cole alleged that his wife lacked testamentary capacity to execute the will and acted under undue influence of the Hustons in doing so, the record discloses no effort by him to prove either allegations, and the trial court properly held against him on those issues. That left nothing but his claim that, because all the property left by Mrs. Cole was community of himself and her, he had a right to handle the estate as community survivor in spite of the will and its nomination of the Hustons as executors. There is, of course, no merit in this contention. Its effect would be to deny to a person, otherwise competent, her right to make a will disposing of her property and therein to name a legal representative to execute it.

Furthermore, there was no occasion for the district court, on appeal, to undertake to determine whether the estate of Mrs. Cole was her separate property or community of herself and Cole. The order of the probate court adjudicated the only question properly before it under the pleadings, namely, whether Mrs. Cole's will should be admitted to probate. It properly made no effort to pass on claims or otherwise to administer the estate. Hence, the district court had no appellate jurisdiction except to determine whether the will should be probated. See authorities last cited, supra. It could adjudicate only such matters as were put in issue in the probate court. Leatherwood v. Stephens (Com. App.), 24 S. W. (2d) 819.

Therefore, we affirm the judgment of the Court of Civil Appeals in so far as it reverses the judgment of the district court adjudicating the property rights of the parties hereto and allowing funeral expenses and the cost of a grave marker. Those questions are left open, without prejudice, for adjudication hereafter as and when properly presented.

The judgment of the Court of Civil Appeals is reversed in part and affirmed in part, in accordance with this opinion.

Opinion adopted by the Supreme Court May 20, 1942.