**F. N. ROBINSON et al., Appellants,**

v.

**Eva Palmer COMPTON, Appellee.**

No. 3371.

Court of Civil Appeals of Texas.

Eastland.

May 9, 1958.

C. O. McMillan, Stephenville, James F. Fanning, Comanche, for appellants.

Fred Wright, Throckmorton, Tom M. Miller, Graham, for appellee.

WALTER, Justice.

F. N. Robinson, Mrs Bertha Fant, Mrs. Docia Boyd, Mrs. Lucille Parrott, Mrs. Annie McCay, Mrs. Alcess Hibbitts, her husband, Race Hibbitts, Mrs. Senith Curtis, her husband, Jack Curtis, Mrs. Gertrude Russell, her husband, F. E. Russell, Mrs. Lillian Horn, Mrs. Catherine Reed, her husband G. W. Reed, W. H. Robinson, I. H. Robinson, Ira Robinson, Aaron Robinson, Onan Robinson and Mrs. Wilma Lynch and her husband, Elmer Lynch, as plaintiff, all alleged to be heirs-at-law of J. W. Robinson, deceased, hereinafter referred to as contestants, filed suit in the probate court of Comanche County to contest the validity of Mr. Robinson's will that had theretofore been admitted to probate in said court on the 19th day of March, 1957. Contestants were denied relief in the probate court and appealed to the District Court which denied them the relief they sought. They have duly perfected their appeal to this court on two points of error, namely, (1) the court erred in holding that it did not have jurisdiction to pass on the matters and things prayed for by them as shown by the transcript at page 47 thereof; (2) the court erred in failing to render judgment in favor of contestants at the conclusion of the trial because the contestants conclusively proved their case by a preponderance of the evidence.

Contestants' trial pleadings allege that the purported will is not in fact a will and not subject to probate. They further alleged that the testator was of unsound mind at the time he executed his will. They also pleaded that the purported will had been revoked by Mr. Robinson before his death and that the will was written as a result of the undue influence of Eva Palmer Compton, but the prayer in their trial pleadings is as follows:

"That on final hearing, said Order admitting the purported will, as aforesaid, to Probate as the last Will and Testament of J. W. Robinson, deceased, be set aside, and, that such instrument of writing be declared null and void and of no force and effect as to all such property constituting the estate of the said deceased, J. W. Robinson, *Save* and *Except* such of said property as passed by the said will * * * 'that she, the said Eva Palmer Compton, may jointly or severally be seized of or be entitled to at the time I am deceased * * *.'"

Besides a general denial the appellee pleaded that the testator was of sound mind and was free from undue influence

at the time he executed his will. She also pleaded that the instrument was a valid will and had not been revoked prior to the testator's death.

Mr. Robinson's will appointed Eva Palmer Compton independent executrix, and she qualified by taking the required oath and bond.

■ The same issues are involved in this case to contest the validity of Mr. Robinson's will as were involved in the original proceeding to probate the will, the only difference being on the burden of proof. The burden of proof rested upon the contestants to prove that Mr. Robinson's will was invalid as alleged by them in their pleadings. No evidence was introduced by contestants to prove the allegations in their petition and, having failed to present any witnesses or evidence to discharge their burden of proof, we are compelled to affirm the judgment of the trial court.

■ During the trial counsel for the contestants in one of his objections informed the court, "This is a suit regarding a will, it gets down actually to the proposition of what property passed under this will as of now * * *." The probate court and the district court on appeal did not have jurisdiction in this suit to contest the validity of a will to determine what property did or did not pass under Mr. Robinson's will. Neither did they have jurisdiction to determine ownership of the property set out in the inventory.

"The general rule is that in the probate of a will it is not the province or right of the court to construe same. The matter of construction is left for the courts in a separate and independent action after the will has been probated." 44 Tex.Jur. 882.

The court in the case of Pullen v. Russ. Tex.Civ.App., 209 S.W.2d 630, 633 (R.N. R.E.) said:

"When an application to probate a will is properly presented, the probate court has only two issues to determine: first, whether the instrument offered is the last will and testament of the testator; and second, whether the instrument is properly executed. Stated in other words, the function of the probate court is limited to determining whether the will was executed by the decedent in the manner prescribed by the statute and at a time when he was legally competent to execute it free from duress, fraud, and undue influence. Also it has been repeatedly held that the questions as to property rights which might arise out of a construction of the terms of the will are not to be determined in a proceeding for the probate of a will and that, therefore, the mere probating of a will is not final and conclusive as to the construction of the instrument. Ellsworth v. Aldrich, Tex.Civ.App., 295 S.W. 206, writ refused; Burton v. Connecticut General Life Ins. Co., Tex.Civ.App., 72 S.W.2d 318, writ refused; Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404."

In affirming the judgment we expressly hold that we are not passing on the question of what property did or did not pass under Mr. Robinson's will, neither are we passing on the ownership of the property set forth in the inventory.

The judgment of the trial court is affirmed.