L. P. McCARTY, Appellant,

v.

Grace DUNCAN, Administratrix of Estate of Lizzie McCarty, Deceased, Appellee.

No. 3700.

Court of Civil Appeals of Texas.

Dec. 17, 1959.

Waco.

Rehearing Denied Jan. 14, 1960.

H. W. Allen, Hamilton, for appellant.

Andrew Campbell, Hamilton, for appellee.

WILSON, Justice.

This case presents questions as to jurisdiction of the probate court to declare a forfeiture of appellant's interest in the estate of his mother, testatrix.

In 1929, J. F. McCarty and Lizzie McCarty, appellant's parents, executed a joint will providing "on the death of either of us all of his or her estate we give, devise and bequeath in equal shares to our eight children." It provided that appellant should not receive any part of the estate unless and until he repaid an advancement. It provided that "if any of our children shall

fail to show proper respect for us or either of us, or ask for a division of our property before our death, then and in that event we annul any bequest herein made to such beneficiary, and it is our will that such beneficiary or beneficiaries be absolutely barred and cut off from any interest or share in our estate. And we reserve for ourselves, or the survivor of us the absolute right to determine when this provision has been violated and a notation at the bottom of this will stating the name or names of the beneficiary or beneficiaries we wish to cut off shall be sufficient to bar him or them, and such decision shall be final and binding on such beneficiary."

Upon death of J. F. McCarty in 1931 the will was probated. Lizzie McCarty filed a sworn declaration in that probate proceeding reciting that appellant had continued to demand a division of the estate of J. F. McCarty; that appellant shot and killed his father and the fatal shooting followed refusal of such division. The affidavit declared "that by reason of the conduct and crime of said L. P. McCarty that she elected that he have no share or part whatever in the estate of said J. F. McCarty, deceased." The 1931 order probating the will of J. F. McCarty recited that "by reason of such conduct the said L. P. McCarty was declared by Lizzie McCarty to have forfeited all rights under the provisions of the joint will of herself and her deceased husband, J. F. McCarty"; that the inflicting of gunshot wounds by appellant "constituted lack of respect", and that appellant "by reason of such conduct is not entitled to take anything under the will of J. F. McCarty, deceased."

In 1955 Lizzie McCarty died and order was entered in the Probate Court admitting the joint instrument to probate as her will, appointing an administratrix with the will annexed. Over two years later the administratrix filed application for approval of final account, in connection with which she applied to the Probate Court for a declaration of forfeiture of appellant's interest in the estate of Lizzie McCarty. The ap-

plication recites land is included in the estate. This application alleged that appellant had forfeited his rights under the will by demanding a division of the estate and "by showing disrespect for his parents and bringing about the death of his father" in violation of the terms of the will. The prayer was that "all interest of L. P. McCarty in the estate of Lizzie McCarty be declared forfeited and annulled." Appellant, having been personally served on this application, filed an opposition to the application for declaration of forfeiture asserting that since the will provided that "we reserve to ourselves, or the survivor of us, the absolute right to determine" when the will had been violated; and since Lizzie McCarty lived 23 years after her husband's will was probated without forfeiting appellant's interest in her estate by notation on the will or otherwise; and since forfeiture as to J. F. McCarty's estate did not affect his interest in the survivor's estate, no forfeiture could be adjudged. He further alleged mutual love and affection existed between him and his mother and that he never demanded division of her estate or showed lack of respect for her. He prayed that the court "construe the terms of the will with reference to the manner in which the forfeiture therein provided shall be exercised, and to find that the same was the exclusive right reserved unto the deceased, Mrs. Lizzie McCarty"; that there was no exercise thereof as to her estate, and that the said L. P. McCarty is a devisee under the terms of said will and entitled to receive his portion as therein provided.

The Probate Court, assuming the jurisdiction thus invoked, determined that Lizzie McCarty did not declare a forfeiture as to her estate as provided by the will and that appellant was entitled to take under the instrument. On appeal from this order the District Court, without a jury, concluded the will was a joint and mutual will by which Lizzie McCarty was bound contractually, legally and equitably; that she had judicially declared a forfeiture of appel-

lant's interest; that he had forfeited any interest in his mother's estate by violating the terms of the will in "failing to show proper respect for one of the co-testators and by demanding his share of the estate." It was further found that repayment of the advancement by appellant was a condition precedent to recovery of his interest, which repayment it was stipulated he had not made. The District Court judgment declared appellant's interest in the estate of Lizzie McCarty forfeited, and that he take no part thereof.

Although neither court below had opportunity to pass upon the question, appellant asserts in this Court for the first time that the Probate Court was without jurisdiction of the entire probate proceedings in the estate of Lizzie McCarty because the citation stated only that there was an "application for letters of administration upon the estate of Mrs. Lizzie McCarty, deceased" and failed to indicate that application for probate of the will had been filed. It is here contended this citation did not comply with Art. 3310, Vernon's Annotated Civil Statutes [1] which requires that the citation "state substantially the nature of the proceeding", (or with Art. 3333 [2]) then in effect; hence, it is said, the order appealed from is void.

■ We do not regard it as necessary to pass upon this broader jurisdictional question or the other points presented because, assuming that jurisdiction of the original application and administration of the estate exists, it appears that the Probate Court had no jurisdiction of the application to declare a forfeiture. The District Court, of course, had no greater jurisdiction on appeal. Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404; Olds v. Traylor, Tex.Civ. App., 180 S.W.2d 511, 518, writ ref.

■ The jurisdiction and power of the probate courts to construe wills in the proceeding for probate is restricted. The general power to construe wills is vested in the district courts in a separate and independent action after the will has been probated. Purvis v. Sherrod, 12 Tex. 140, 160; Smith v. Smith, 11 Tex. 102; Howze v. Howze, 14 Tex. 232; Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404; Pullen v. Russ, Tex.Civ.App., 209 S.W.2d 630, writ ref.; Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 517, writ ref.; McNaley v. Sealy, Tex. Civ.App., 122 S.W.2d 330, 332, writ dis.; Hayden v. Middleton, Tex.Civ.App., 135 S.W.2d 281, 283; Laney v. Cline, Tex.Civ. App., 150 S.W.2d 176, writ dis., c. j.; Harris v. Harris' Estate, Tex.Civ.App., 276 S.W. 964; Benson v. Greenville Nat. Exchange Bank, Tex.Civ.App., 253 S.W.2d 918, 925, writ ref.; Kelley v. Harsch, Tex. Civ.App., 161 S.W.2d 563, 567.

■ Arts. 3433–3435 Vernon's Ann.Civ. Stats.[3] have extended this jurisdiction by authorizing the probate courts to *annul* any provision of a duly probated will. "As incident thereto such court would also have the authority to construe such provisions of the will as may be necessary in the proper determination of the question of annulment." Ragland v. Wagener, 142 Tex. 651, 180 S.W.2d 435, 437, 152 A.L.R. 1232, and as in Mason & Mason v. Brown, Tex.Civ. App., 182 S.W.2d 729, writ ref.

In the instant case there is no attempt to annul any provision of the will, but only that appellant's interest in his mother's estate be declared "annulled" and forfeited. It is true that appellant's opposition to the application for forfeiture asked the Probate Court to construe the terms of the will with reference to the manner in which forfeiture might be declared, but the relief so sought was incidental to a prayer for a declaratory judgment over which the Probate Court had no jurisdiction. The real relief prayed for was a declaration of forfeiture, predicated on extrinsic evidence

---

1. Now V.A.T.S. Probate Code, § 33.

2. Now V.A.T.S. Probate Code, § 128.

3. Now V.A.T.S. Probate Code, §§ 11, 15, 33.

requiring determination of facts and legal consequences of conduct extending over many years prior to the application, as well as the requested construction of the will, and its effect on title to land.

It is now beyond question that in proceedings to probate wills "questions as to property rights which might arise out of a construction of the terms of a will are not to be determined," Pullen v. Russ, Tex.Civ.App., 209 S.W.2d 630, 633, writ ref.; and that the Probate Court "has no jurisdiction to construe the will or to pass judgment on alleged prior contracts to make devises." Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404, 406. In Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402, 405, Judge Smedley for the Supreme Court stated,

> "The general rule is that it is not the province of the court to construe a will in a proceeding for its probate. If the proof required * * * is made, the will should be admitted to probate, leaving for determination in a separate and independent action questions as to what property is affected by the will and what disposition shall be made of the property."

Where is this "separate and independent action" to be brought? In such matters as determining whether certain realty is charged with payment of money legacies by the terms of the will, it was held in Maibaum v. Union Trust Co., Tex.Civ.App., 1927, 291 S.W. 924, writ ref., that it is properly brought in the probate court, even though construction of the will is incidentally required; and it has been frequently held that the mere fact that construction is incidentally involved will not deprive that court of jurisdiction.

Sec. 405, Probate Code provides that the final account of the representative shall show the "persons entitled to receive such estate, their relationship to the decedent,

and their residence, if known." Sec. 408 (b) provides that upon final settlement, if there be any estate remaining, the court shall order that "a partition and distribution be made among the persons entitled to receive such estate."

This does not, we believe, vest the probate court with the further jurisdiction of the application in this case requiring it to (a) determine title to the property, which includes realty; (b) to construe the terms of the will; (c) to determine the effect of the acts or omissions of the testatrix with respect to asserted forfeiture; (d) to declare the legal results of the conduct of a beneficiary and (e) whether, or what, conduct transpired. The sweeping and comprehensive power required to exercise these collective inquiries, we think is vested exclusively in the District Court under Art. 5, Sec. 8 of the Texas Constitution Vernon's Ann.St. and the applicable statutes. Wadsworth v. Chick, 55 Tex. 241; Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980, 985; Slavin v. Greever, Tex.Civ. App., 209 S.W. 479; Clements v. Maury, 50 Tex.Civ.App. 158, 110 S.W. 185, writ ref.; Ellsworth v. Aldrich, Tex.Civ.App., 295 S.W. 206; 44 Tex.Jur. Secs. 194, 195, pp. 763, 764; Page, Wills, (3rd Ed.) Sec. 1605. This jurisdiction may not be conferred on the probate court by consent and presents fundamental error. Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404, 405.

The judgment of the trial court is reversed and judgment is here rendered that the application and proceedings to declare forfeiture be dismissed for want of jurisdiction. Upon return of the mandate the Clerk of the District Court is directed to certify the judgment here rendered to the County Court for observance. Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657; Persky v. Greever, Tex.Civ.App., 202 S.W. 2d 303, writ ref. n. r. e.; Brewer v. Brewer, Tex.Civ.App., 237 S.W.2d 369.