Jewel JOHNSON, Appellant,

v.

Beatrice W. HEWITT, Appellee.

No. 16724.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 29, 1976.

Jonathan L. Le Bleu, Houston, for appellant.

C. C. Divine, Houston, for appellee.

COLEMAN, Chief Justice.

This is a probate matter. The District Court of Harris County in an appeal from a bill of review filed in the Probate Court entered a judgment, after a trial to the court without a jury, setting aside the probate of the will of Viola Nathan Smith dated March 9, 1966, and ordered the probate of a previous will dated November 9, 1964. The judgment of the District Court was based on his conclusion of law that the will was a conditional one, and his finding of fact that the devisee in the will had failed to comply with a condition precedent.

On June 23, 1970, Mrs. Jewel Johnson filed for probate a purported last will and testament of the deceased, Viola Nathan Smith. This will was duly admitted to probate. On August 6, 1971, a bill of review was filed in the Probate Court on behalf of Beatrice W. Hewitt, legatee under a previous will dated November 9, 1964. In the petition for review it was alleged that the testator was non compos mentis at the time of the execution of the 1966 will, and that this will never became effective as such because of the failure of the beneficiary therein to perform a condition precedent.

The 1966 will begins:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Viola Smith, of the County of Harris and State of Texas, being of sound and disposing mind and memory, and desiring to so provide for the disposition of my estate that there may be no confusion concerning the same after my death, do hereby make, declare and publish this, my last will and testament, hereby revoking all wills and codicils by me at any time heretofore made."

By the first paragraph of this will the testator directed that at the time of her death she be given a Christian funeral, "suitable to my circumstances and station in life," and that her debts be paid "by my executrix hereinafter appointed," as soon after her death as conveniently could be done without unnecessary sacrifice of any of the properties of her estate.

In the second paragraph of the will the testator gave her "beloved friend, Jewel Johnson, all property, real, personal and mixed, which I may own or have any interest in at the time of my death, in fee simple, forever, provided that my beloved friend, Jewel Johnson look after me and keep me in her home or with her for the balance of my life and not cause or suffer me to be put in an old folks home."

In the third paragraph of the will the testator appointed Jewel Johnson the independent executrix of her estate and directed that no bond be required of her.

By judgment entered on July 15, 1971, the Probate Court ordered that Ruby Campbell, as agent for Beatrice Hewitt, "do have and recover nothing by her suit in the nature of a Bill of review  .  .  . "

Ruby Campbell gave a timely notice of appeal to the District Court of Harris County, Texas, and on December 15, 1971, filed in this cause a pleading entitled "MOTION FOR DECLARATORY JUDGMENT" in which it was alleged that the subject matter of the suit was the construction of a will and the mental capacity of the testatrix "which has all been before the County Court of Harris County, Texas Probate Division No. 1 and was appealed to the District Court on the issue of construction." The petitioner prayed that the court construe the terms of the will and find the same to be a conditional will with the conditions being precedent. She prayed that the 1966 will be withdrawn from probate and that the will dated November 9, 1964, be admitted to probate.

In the petition particular reference is made to the provisions of the Declaratory Judgment Act giving the district court jurisdiction to construe wills. It appears that the petitioner was attempting, in the appeal from the Probate Court's judgment, to seek a construction of the will under the Declaratory Judgment Act.

The Declaratory Judgment Act cannot be invoked to determine rights in a

pending suit. The issues raised in the petition for declaratory judgment are the same as those raised in the probate court. *Texas Liquor Control Board v. Canyon Creek Land Corporation,* 456 S.W.2d 891 (Tex. 1970); *Dub Shaw Ford, Inc. v. Comptroller of Public Accounts,* 479 S.W.2d 403 (Tex. Civ.App.—Austin, 1973, no writ history).

■ In 1971 when this case was tried in the Probate Court, and when the appeal was perfected to the District Court, the Probate Court had no jurisdiction to construe wills. Its authority was limited to the determination of the issue as to whether the 1966 will was a valid instrument entitled to probate, and whether, in the event the 1966 will was found to be invalid, the 1964 will should be admitted to probate. Since the Probate Court had no jurisdiction to construe the will, the District Court on appeal had none. *Huston v. Cole,* 139 Tex. 150, 162 S.W.2d 404 (1942); *Pullen v. Russ,* 209 S.W.2d 630 (Tex.Civ.App.—Amarillo, 1948, writ ref'd n. r. e.). Two questions were presented in the Probate Court. The first was whether or not the testatrix had testamentary capacity, and no evidence was presented on this issue in the District Court. The second question was whether or not the will was a contingent or a conditional will intended by the testatrix to take effect only on the happening of the contingency. If the will was to be effective only upon the happening of a contingency, and the contingency fails, the will never becomes effective and is not entitled to probate. *Ferguson v. Ferguson,* 121 Tex. 119, 45 S.W.2d 1096 (1932).

The issue whether the will as a whole was contingent was properly before the trial court. The trial court did not determine that the will as a whole was a contingent will or was to become effective on the happening of a contingent event. He found that the language of paragraph II of said will was a valid condition precedent "to the vesting of the estate of Viola Nathan Smith in Jewel Johnson." He further concluded that the provision stated was a condition precedent to be performed by the beneficiary to "validate the will." He then proceeded to determine issues concerning waiver, impossibility of performance, and substantial performance.

■ The trial court's conclusion that the language of paragraph II of the will constituted a condition precedent to be performed by the beneficiary to validate the will is an incorrect conclusion of law. A distinction must be drawn between a condition precedent applicable to a particular bequest, and a condition precedent, the nonperformance of which would defeat the will.

■ An instrument of testamentary nature and properly executed is a will if it appoints an executor, and it should be admitted to probate when the required proof is made, even though it makes no devise or bequest or no effective devise or bequest of the testator's property. *Boyles v. Gresham,* 153 Tex. 106, 263 S.W.2d 935 (1954).

■ None of the language found in the will indicates that the testatrix intended the will to become effective only if she were cared for by Mrs. Johnson. The devise to Mrs. Johnson was subject to a condition precedent. The effectiveness of this devise was not properly before the Probate Court or the District Court, and is not before this court. The question of the validity of the bequest to Jewel Johnson may be raised in a subsequent action in the Probate Court. *Ragland v. Wagener,* 142 Tex. 651, 180 S.W.2d 435 (1944). The question here is whether the Probate Court erred in admitting the 1966 will to probate, and whether the District Court erred in ordering its removal from probate. The Probate Court and the District Court on appeal did not have jurisdiction, in this suit to contest the validity of a will, to determine what property did or did not pass under the will. *Robinson v. Compton,* 313 S.W.2d 550 (Tex.Civ. App.—Eastland, 1958, no writ history).

■ The burden of proof in the action to set aside the probate of the will in the District Court was on Beatrice Hewitt. Since there is no evidence to support the action of the district judge in ordering the 1966 will removed from probate, the judgment must be reversed. *Cravens v. Chick,*

524 S.W.2d 425 (Tex.Civ.App.—Fort Worth, 1975, writ ref'd n. r. e. 531 S.W.2d 319 [Tex.1975]); *Pullen v. Russ,* 209 S.W.2d 630 (Tex.Civ.App.—Amarillo, 1948, writ ref'd n. r. e.).

The judgment of the District Court ordering the 1966 will removed from probate and ordering the 1964 will admitted to probate is reversed, and judgment is rendered that Beatrice Hewitt be denied all relief.