Rhonda Ray STEVENS, Appellant,

v.

Octavia NOVAK, Appellee.

No. 5316.

Court of Civil Appeals of Texas,
Eastland.

May 31, 1979.

Rehearing Denied June 26, 1979.

George T. Thomas, Big Spring, for appellant.

Gerald B. Shifrin and Dudley R. Mann, El Paso, for appellee.

RALEIGH BROWN, Justice.

This is a consolidated appeal from the granting and denying of summary judgments regarding applications for the probating of two wills of Jessie Marie Tate.

On October 22, 1968, P. Y. Tate and Jessie Marie Tate, husband and wife, made a joint will. On the death of P. Y. Tate, Jessie Marie Tate probated that will as his last will and testament. After Jessie Marie Tate died, Rhonda Ray Stevens, a granddaughter, made application for probate of the 1968 will as the will of Jessie Marie Tate, under which she asserted rights as an executrix and sole beneficiary. Octavia Novak, Jessie Tate's sister, made application for probate of a will executed by Jessie Marie Tate, dated March 25, 1976, under which she asserted rights as an executrix and primary beneficiary. Each applicant contested the other's application and Rhonda Stevens in her contest of the 1976 will sought to impose a constructive trust upon the properties of the estate of Jessie Marie Tate contending the 1968 will was a joint, mutual and contractual one.

The contested applications for probate of the two wills were transferred to the District Court of Howard County in compliance with Section 5, Texas Probate Code. The court consolidated the contests for trial purposes only. Two judgments were entered (1) as to the 1968 will, Stevens' motion for summary judgment as proponent of the will was denied and Novak's motion as contestant of the probate of the will was granted with the court also denying a constructive trust in favor of Stevens; and (2) as to the 1976 will, Novak's motion for summary judgment as proponent of the will was granted and Stevens' claim for the imposition of a constructive trust upon the estate properties was denied together with a denial of her motion for summary judgment as contestant of the probate of the 1976 will. Stevens appeals both judgments. The appeals were consolidated. We reform and affirm each judgment.

The thrust of Stevens' appeal in the 1976 will contest is the trial court's denial of her right to impress a constructive trust upon the properties of the estate of Jessie Marie Tate. She argues that in the cause in which she seeks to probate the 1968 will there was no pleading to support any consideration of the constructive trust issue by the court. Stevens does not urge on appeal

that the court erred in granting summary judgment for probate of the 1976 will but only that the court erred in holding that no fact issue existed in connection with her right to impose a constructive trust upon the properties of the estate of Jessie Marie Tate.

The court in *Huston v. Cole*, 139 Tex. 150, 162 S.W.2d 404 (1942, opinion adopted) said:

> With respect to an application to probate a will, the court has only to determine whether the instrument tendered is the last will of the deceased; that is, whether it had been revoked, whether it was executed in the manner and under the conditions required by law, and whether the maker had testamentary capacity and was not under undue influence (if raised) when it was executed. In doing this it has no jurisdiction to construe the will or to pass judgment on alleged prior contracts to make devises of property. Its authority is limited to the determination of the issue as to whether the instrument in question is the last will of the deceased, and such it must do without regard to the right of the deceased to devise and bequeath the property she undertakes thereby to dispose of. *Masterson v. Harris*, 107 Tex. 73, 174 S.W. 570; *Ellsworth v. Aldrich et al.*, Tex.Civ.App., 295 S.W. 206, error refused; *Burton et al. v. Connecticut General Life Ins. Co. et al.*, Tex.Civ.App., 72 S.W.2d 318, *Combs v. Howard*, Tex.Civ.App., 131 S.W.2d 206; 28 R.C.L., p. 377, sec. 379; 38 Texas Digest, Wills § 215.

█ In the case at bar, there is no question as to the competency, execution, witnessing and proof of the 1976 will. There was no question but that the 1976 will provided for revocation of the 1968 will. The court had no alternative but to admit the 1976 will to probate rather than the 1968 will. *Nesbett v. Nesbett*, 428 S.W.2d 663 (Tex.1968).

█ The admission to probate of the 1976 will or the denial of the second probate of the 1968 will does not defeat Stevens' rights under the 1968 will if she proves the 1968

will was mutual and contractual. *Tips v. Yancey*, 431 S.W.2d 763 (Tex.1968). As the court in Yancey said:

> Although a survivor may technically revoke his joint and mutual will, the beneficiary under such will has a cause of action, and as this court held in *Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621 (1957), may come into court and enforce his rights. *Murphy v. Slaton*, 154 Tex. 35, 273 S.W.2d 588 (1954); Young, The Doctrinal Relationships of Concerted Wills and Contracts, 29 Tex.L.Rev. 439 (1951).

The court in *Jones v. Chamberlain*, 563 S.W.2d 885 (Tex.Civ.App.—Texarkana 1978, no writ) said:

> When a will is offered for probate, the court's jurisdiction with respect to the application is limited to a determination of whether or not the will should be admitted to probate as the last will of the decedent. *Huston v. Cole*, 139 Tex. 150, 162 S.W.2d 404 (1942). The determination of whether or not a will is mutual and contractual is not a matter incident to an estate as that term is used in Section 5, Tex.Probate Code Ann. It is a suit on contract.

The court, being without jurisdiction to determine the constructive trust issue in these probate proceedings, erred in including in its judgments a denial of Stevens' right to impose a constructive trust. But even assuming the court had jurisdiction to enter such an order, Novak failed in her summary judgment burden of establishing as a matter of law Stevens was not entitled to a constructive trust upon the estate properties in the contest of the 1976 will. *Citizens First National Bank of Tyler v. Cinco Exploration Company*, 540 S.W.2d 292 (Tex.1976); *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975). In the contest of the 1968 will, there were no pleadings seeking to impose a trust in favor of Stevens and, therefore, the court erred in denying same. *Oil Field Haulers Association v. Railroad Commission*, 381 S.W.2d 183 (Tex.1964); *City of Fort Worth v. Gause*, 129 Tex. 25, 101 S.W.2d 221 (1937, opinion adopted).

Our disposition of these cases is without prejudice to the rights of Stevens to file suit in a court of competent jurisdiction to determine her right, if any, under the alleged joint, mutual and contractual will of 1968 of P. Y. and Jessie Marie Tate.

That portion of each judgment which denies Rhonda Ray Stevens her cause of action seeking to impress a constructive trust upon the properties of the Estate of Jessie Marie Tate is eliminated from each judgment. Each judgment as reformed is affirmed.